Saint Louis Type Foundry v. International Live Stock, Printing and Publishing Company.

No. 2705.

**Exempt Property—Partnership.**—Article 2337, Revised Statutes, which reserves to persons not constituents of a family, exempt from attachment all tools, apparatus, and books belonging to any trade or profession, should be liberally construed. Such property belonging to two or more who constitute a partnership is exempt from seizure and forced sale under process against either partner.

Appeal from El Paso. Tried below before Hon. T. A. Falvey. The opinion states the case.

*Blacker & Clardy* and *Brack & Neill,* for appellant.—The court erred in sustaining defendant's demurrer to plaintiff's tender of issues for the following reasons, to-wit: 1. Because it appeared from the allegations in plaintiff's tender of issues that plaintiff's original demand, upon which the attachment issued by virtue of which the property in controversy was levied upon, was against J. A. Whitmore and Jas. Kibbee, as partners, doing business under the firm name of the International Printing Company, and under such tender of issues evidence would have been admissible to show that such property was the partnership property of the said Whitmore and Kibbee, which, if it could have been shown, would have rendered such property liable to said attachment. 2. Because it nowhere appeared from the pleadings of either party nor from the admission made by plaintiff for the purpose of defendant's demurrer that the property levied upon was not the partnership property of Whitmore and Kibbee. Thomp. on Home. and Ex., sec. 194; Cligg v. Houston, 1 Phila. Rep., 353; O'Gorman v. Fink, 57 Wis., 649; Russell v. Lennon, 39 Wis., 574; Gaylord v. Imhoff, 26 Ohio St., 317; Pond v. Kimball, 101 Mass., 105; Stout v. McNiell, 3 S. E. Rep., 915; Allen v. Gressom, 90 N. C., 90; Barns v. Harris, 67 N. C., 140; Scott v. Kenan, 94 N. C., 246; Guptil v. McFee, 9 Kans., 35–7.

*Millard & Patterson* and *Davis, Beall & Kemp,* for appellee.

Hobby, Judge.—The appellant having brought suit against Whitmore & Kibbee as partners, in the District Court of El Paso County, for the sum of $992.31, caused an attachment to be issued out of said court pending the suit, and seized by virtue thereof the press, type, and material belonging to a printing office, as the property of said Whitmore & Kibbee.

The appellee claimed the property under a purchase from said Whitmore & Kibbee prior to the levy of said attachment, alleging that at the time of said purchase it was the exempt property of said Whitmore & Kibbee.

Appellant admitted that at the time of the purchase by appellee the property belonged to the printing office of Whitmore & Kibbee, and was used by them in their business as printers and publishers of a newspaper in the city of El Paso, Texas, but denied that it was exempt.

The judgment of the court was in effect that the property was exempt from attachment.

The question raised in the case is whether under our statute (article 2337, Revised Statutes) reserving to persons not constituents of a family exempt from attachment, etc., " all tools, apparatus, and books belonging to any trade or profession," applies to and protects such property when held and owned by partners. We are not aware of any case in our State in which the question has been decided, and in the other States the decisions are conflicting.

In our State it has been held that a homestead may be established on property held by tenancy in common. Clements v. Lacy, 51 Texas, 151. So too it was held in Swearingen et al. v. Bassett, 65 Texas, 267, that a partner in a solvent firm may destinate his interest in partnership realty as a part of his homestead, and thus secure it from forced sale. But the precise question now before us has not heretofore been determined in Texas.

It often happens, says Mr. Freeman, "that property designated as exempt by statute belongs to two or more persons, either as cotenants or partners. The question then arises whether this property must be treated as exempt to the same extent as if held in severalty. The answers are irreconcilable, and the opposing opinions are both supported by respectable authorities. On the one hand it is insisted that the terms of the exemption statutes indicate that estates in severalty were meant. On the other hand, cotenants and partners in a majority of the States have been placed on the same footing, and both have been given the full benefit of the exemption laws. This latter position, even where the words of the statute do not clearly indicate an intent to deal with undivided interests, is made tenable by the general rule that these statutes must be liberally construed, so as to promote the policy on which they are based, and to accomplish the purposes to which they are directed. Prominent among these purposes is the protection of the poor by allowing them the implements of their trade, and the other means essential to enable them to gain a livelihood." 1 Freem. on Ex., sec. 221.

The leading cases which announce the doctrine that the statute does not include partnership property are Pond v. Kimball, 101 Massachusetts, 105, and Guftil v. McFee, 9 Kansas, 30. These cases appear to be based upon statutes exempting tools, implements, etc., not to exceed in value a certain sum. (In the Massachusetts case, tools, etc., not to exceed $100 in value; and in the Kansas case, "stock in trade not exceeding $400 in value.")

One of the prominent reasons assigned in the opinions in these cases was that the statute limiting the exemption as to tools, etc., to $100, and that limiting the stock in trade to $400, did not apply to property owned by partners, because of the difficulty of determining, in case of numerous partners, whether each should have the right to claim as exempt $100 worth of materials, or $400 stock in trade, or was the whole firm to be considered as one debtor only. No such reason would apply with us, as "all the tools, apparatus, and books belonging to any trade or profession," are exempt, without reference to their number or value.

The cases holding the contrary, and we believe the better doctrine, proceed upon the theory that the law should be liberally construed. It is almost unnecessary to say that that mode of construction has always obtained with respect to exemption laws in our State.

Where a person owns property exempt under the statute, as for example the property involved in this proceeding, he ought not to forfeit this valuable right because he forms a partnership and unites the property with that of another person equally exempt. If in this case either Whitmore or Kibbee had owned individually this property it would have been exempt from execution, attachment, etc. The fact that while so owning it a partnership is formed would furnish no good reason for so changing the law as to make that property subject to attachment which prior to the partnership was exempt in the hands of the individual. If each owned one-half of the property it would be exempt, and because both own the whole by reason of the formation of the partnership affords no reason why the same property should not continue to be exempt. Stewart v. Brown, 37 N. Y., 350, and cases cited in sec. 221, Freem. on Ex.

One of the principal purposes of the statute is to protect whatever interest or title would be subject to seizure under execution or attachment. The partnership interest is liable to the levy of such writs, and is therefore entitled to the protection which the statute affords.

We think that "all tools, apparatus, and books belonging to any trade or profession," although they may constitute partnership property, are entitled to the exemption.

We are of opinion that there is no error in the judgment, and that it should be affirmed.

*Affirmed.*

Adopted October 29, 1889.