Statement of the Case.
MONROE, J.
Plaintiff caused executory process to issue on five vendor’s lien notes of $580 each, dated October 14, 1905, and made payable in one, two, three, four, and five years after date, with interest at 8 per cent., which interest had been paid up to January 1, 1911. The defendant “intervened,” alleging that the property affected was his home, and that he owns no other property; that the seizing creditor owns the notes sued on and two others for $2,202.98 and $2,745.04, respectively, and that there are no other mortgage debts; that his father and mother live with and are entirely dependent upon him; that the seized property is worth about $12,-000; and that he is entitled, by virtue of the homestead exemption, to be paid $2,000 from the proceeds of the sale by preference over all other claims. The seizing creditor denies that the intervener is entitled to any exemption whatever, and, in the alternative, alleges that the seized tract contains 240 acres, and that, by failing to ask that the 160 acres, to which the homestead exemption is restricted, should be advertised and sold separately, intervener waived or lost his right thereto, if any he had.
We find that, in addition to the vendor’s lien notes, amounting, with interest and attorney’s fees, to over $3,000, there were outstanding against the property in question, on February 25, 1911, when the sale took place, certain other notes, as follows (quoting from the brief of defendant’s counsel), to wit:
“The seized debtor gave a subsequent mortgage for $2,202.98, dated January 9, 1907, to secure the payment of a note in that sum, maturing January 9, 1908, and another special mortgage, dated August 1, 1909, to secure the payment of a note, maturing January 1, 1910, amounting to $2,227.46, in neither of which mortgages was the homestead waived; and on November 29, 1910, he gave a third special mortgage upon said property to secure the payment of a note, maturing January 1, 1911, for $1,899.64, upon the latter of which the homestead was waived.”
The record shows that plaintiff is the owner of the notes above described, and that on the day when the property was sold the amount due on the note of $1,899.64, including interest and attorney’s fees, exceeded $2,000. And, that being the case, it is unnecessary that we should go any further, since the aggregate indebtedness for which the property was hound exceeded the amount realized by the sale, and, included in that indebtedness, is the item to which we have thus referred, which exceeds the amount to which defendant is entitled under the homestead exemption, and, with respect to which, it is admitted that “the homestead was waived.”
Opinion.
It is clear that one cannot at the same time waive or part with a right and yet continue to enjoy or enforce it, any more than one can part with tangible property and still own and possess it. The Constitution provides that:
“Art. 244. There shall be exempt from seizure and sale, by any process whatever, except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding 160 acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father, or a person or persons, dependent on him or her for support, also two work horses, * * * to the value of $2,000: Provided, that, in case the homestead exceeds $2,000 in value, the beneficiary shall be entitled to that amount, in case a sale of the homestead under any legal process realizes more than that sum. * * * This exemption shall not apply to the following debts: 1st. For the purchase price of property or any part thereof. * * * The right to sell any property that is exempt as homestead shall be preserved. * * * ”
*743 . If, therefore, one has 160 acres of land, and, being the head of a family, or having others dependent on him, mates it his homestead, he may nevertheless sell it; but he cannot both sell it and keep it. If the 160 acres which he makes his homestead is worth more than $2,000, an ordinary creditor may force the sale, provided the property brings more than $2,000, in which event the homesteader takes the $2,000 and the creditor the surplus. If the sale is forced for the payment of the purchase price, or any other debt to which the exemption does not apply, the creditor with the privilege is paid first, and without regard to the amount realized, and the homesteader the surplus up to $2,000, in preference to other creditors, provided he has not parted with the right so to do; hut, if he has sold or waived his right, then it is his vendee and subrogee who is to exercise it; for it will hardly be contended that he and his vendee can each successfully assert a homestead claim of $2,000, when the Constitution provides for only one such claim.
It is therefore, ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the intervention and third opposition of Robert Penn be dismissed and his demand rejected, at his cost in both courts.