**ARROW DAIRY CO., Inc., v. CHASE SUPERIOR, Inc.**

**No. 136.**

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1941.

Levin & Weintraub, of New York City, (Benjamin Weintraub, of New York City, of counsel; Samuel Singer, of New York City, on the brief), for petitioner-appellant.

Gerdes & Montgomery, of New York City (W. Randolph Montgomery, of New York City, of counsel), for N. Y. Credit Men's Ass'n, as Amicus Curiae.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from an order in bankruptcy in a proceeding under Chapter XI, 11 U.S.C.A. § 701 et seq., which confirmed an order of the referee refusing to allow two attorneys of creditors to serve as members of a creditors' committee appointed under § 338. They had been duly elected by the creditors, and the only objection to them was that they were disqualified because they were not themselves creditors. Section 338 like § 44, sub. b, 11 U.S.C.A. § 72, sub. b, uses the term "creditors," and § 1(11), 11 U.S.C.A. § 1(11), which § 302 makes applicable to Chapter XI, declares that " 'creditor' shall include anyone who owns a debt, * * * and may include his duly authorized agent, attorney, or proxy." The only question here is whether in this setting it not only "may," but "does," include an attorney. We assume that a committee formed under § 338 is to be made up of "creditors" like one appointed under § 44, sub. b, and is to have the same powers; that is, it is to "consult and advise with the trustee," or debtor in possession, "in connection with the administration of the estate, make recommendations to the trustee" or debtor in possession, "in the performance of his duties and submit to the court any question affecting the administration of the estate." The same considerations which determine the qualifications of members in one case would therefore seem applicable to the other.

We may start with the premise that in such a context "creditor" will include an attorney unless there is some reason to the contrary. We are not dealing with the devolution upon another of a fiduciary duty once assumed; the case is not one where a creditor, himself appointed, seeks to depute his agent to do his work for him. By hypothesis the creditors at large choose the attorney to represent them; and prima facie, the statute should be construed in conformity with the general principle that one may delegate to another that which he may do himself. The amicus suggests three reasons why this principle should not be applied here. First it says that, since the committee is to advise the debtor— and trustee, if there is one—about the estate, actual creditors alone will be familiar

enough with the facts. Second, that an attorney will be under a divided loyalty, having two principals, the creditor and the estate. Third, that an attorney will be forced to withdraw from the committee in case his principal, the creditor, revokes his powers. As to the first, it is not always true that a creditor knows more about the debtor's affairs than his attorney; often the opposite is the case. At times both know personally little or nothing, but the creditor may wish to confide to the attorney the duty of learning the facts. Why must the creditors at large be deprived of the privilege of selecting such a person? If they are competent to supervise the estate themselves, they can scarcely be incompetent to find another competent to act for them. The second argument, based upon the putative divided allegiance is equally tenuous. Each creditor has his own interest as contrasted with that of the estate; there will ordinarily be no conflict between these, but it is only when there is that any question can arise. When it does, it disqualifies the creditor himself as much as it disqualifies his attorney unless we are to suppose that the attorney will be more zealous to prefer his principal's interest than the principal himself; an extravagant scruple. Finally, though a termination of the agency may terminate the attorney's eligibility, an assignment of the debt will equally terminate the creditor's. But, that aside, it is no reason to disqualify the attorney while he is such that he may not always remain authorized. Continuity of tenure may be desirable, but it is not imperative; nor is there any antecedent reason to expect that the creditor will recall him.

Furthermore there is an important affirmative reason not to disqualify an attorney, for otherwise no corporation could serve on a committee. To this the amicus answers that the corporation might itself be appointed eo nomine, even though it must act through an attorney. That is true enough, but it would not avoid any of the supposed objections; the distinction is purely formal. Indeed, so far is it may be undesirable to have a shifting committee, it is worse to have a corporation for a member than to have its attorney, because the attorney alone can act while his authority is not revoked, but the corporation may depute anyone ad hoc, now one attorney, now another. Finally the amicus suggests that the corporation would not be liable for the conduct of its attorney, if he were the member, while it would be if it were one itself. That depends upon the terms of the attorney's authority; but, granted that the corporation would not be liable, it is not to be supposed that the creditors will select an irresponsible agent; often indeed he will be more responsible than the corporation. Besides, the creditors should themselves be free to pass on the responsibility of their representatives.

Order reversed.