## NEGIN v. SALOMON et al.
### No. 372.

Circuit Court of Appeals, Second Circuit.
Aug. 2, 1945.

Max Rockmore and Maurice Abrams, both of New York City, for trustee.

Maxwell Wyckoff and George L. Livingston (of Livingston & Livingston), all of New York City, for Modern Industrial Bank.

Abraham L. Kramer, of New York, for Kitty Salomon.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

Negin, as trustee in bankruptcy, and the Modern Industrial Bank appeal from a judgment awarding the bankrupt's widow, Kitty Salomon, all that interest in the New York City Employees' Retirement System, which devolved to his estate upon his death —$15,000. The bankrupt had been an assistant corporation counsel for the City of New York, and later a judge of the Court of Special Sessions. His term of office expired on June 30, 1941, and he then became entitled to a pension during his life from the Employees' Retirement System; and upon his death his estate became entitled to a fund of $15,000, over which he had a power of appointment. Within a month after his retirement he appointed his wife, Kitty Salomon, beneficiary of the fund; but in June, 1943, being pressed for security by a creditor, the Modern Industrial Bank, to pay a note which then fell due, he appointed it as

beneficiary in the amount of $1650, and cut down his wife's interest to $13,350, still retaining a power to change the beneficiary. In July, 1944, Salomon was adjudicated bankrupt; and in his schedules he claimed as exempt assets: "a pension fund paid to me monthly having been employed by the City of New York for over twenty-five (25) years—Same is paid by the City of New York." He died in the following August. The plaintiff, as trustee in bankruptcy, brought an action against the Employees' Retirement System, the widow and the bank, asserting that the bankrupt's retention of a power to change the beneficiary, and his effort to secure the bank by giving it a lien upon the fund constituted a surrender, or "waiver," of any exemption, not only to the extent of the attempted lien, but of the whole fund. The widow filed an answer denying the plaintiff's claim, asserting that the bank's lien was invalid, and demanding judgment awarding the whole fund to her. The bank also filed an answer, denying the plaintiff's claim, asserting the validity of its lien, and demanding judgment for the unpaid balance of the note. The judge held that the fund was exempt, and that the attempted appointment of the bank as beneficiary to secure its note was invalid under the terms of the Employees' Retirement System. He therefore dismissed the complaint and awarded the whole fund to the widow.

■ There can be no doubt that the bankrupt's interest in the fund was exempt from his creditors under the laws of New York. Subdivision 7 of § 200 of the New York Insurance Law, Consol. Laws c. 28, and § B3—50.0 of the Administrative Code of New York City, establish the exemption, and subdivision (1) of § 166 of the New York Insurance Law extends it not only to the bankrupt, but to any "beneficiary." We cannot agree, however, that the bankrupt's attempt to secure the bank effected a surrender of the exemption, even to the amount of the lien; to say nothing of the remainder. It is true that, if a bankrupt transfers exempt property to a creditor under circumstances in which the Bankruptcy Act would invalidate the transfer of non-exempt property, the property transferred will be administered as part of his assets in bankruptcy, notwithstanding the exemption. Chicago B. & Q. R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306;

In Re Wishnefsky, D.C., 181 F. 896; In re Coddington, D.C., 126 F. 891. Although § 67, sub. d (1) (a), and § 70, sub. a, of the Act, 11 U.S.C.A. § 107, sub. d(1) (a), and § 110, sub. a, are limited to "non-exempt" property, the theory seems to be that a bankrupt may not convey exempt property to defeat the purposes of the Act, and that the transfer is a surrender or "waiver," of the exemption. The plaintiff challenges the lien attempted to be given the bank as an unlawful preference, and as a fraudulent conveyance; but it was neither. It was indeed a preference, but it was much too long before petition filed to be unlawful. Nor was it a fraudulent conveyance, for it was given for good consideration: the bank's forbearance upon the note.

Since the transfer was valid under the Bankruptcy Act, the property did not become part of the bankrupt estate. If it was valid under the terms of the Employees' Retirement System, it passed to the bank like any non-exempt property lawfully transferred. If it was invalid under the terms of the System, either it passed to the widow, or it went to the bankrupt's executors or administrators, again like other exempt property. The plaintiff answers that, when the bankrupt attempted to secure the bank he indicated a willingness to surrender his exemption, whether he succeeded or not; and that that was effective as a surrender, even though it was not effective as a transfer. If the question is to be treated as one of intent, it is certainly not true that an ineffective transfer is a surrender of the transferror's exemption. It does indeed show an intent to surrender the exemption in favor of that particular creditor, but of no one else. For example, in the case at bar, the bank forced the bankrupt to surrender his exemption pro tanto, but it would be altogether untrue to impute to him any purpose to surrender it in favor of his creditors generally. If that was the result, in fact, it was not because he meant to do so; but because the law imposed it as a consequence, willy nilly. The question is one of state law which determines the scope of the exemption and which the Bankruptcy Act recognizes. There is no decision indicating any such consequence; and there is no principle which could take the place of such a decision. The cases on which the plaintiff relies and which we have mentioned, do not

114

bear him out; in all of them the transfer was effective, as between the parties, so that the court had the choice between allowing the transferee to take the property in violation of the Act, or of distributing it ratably in accordance with the Act. To allow the bank to keep the lien would not violate the Act; nor would it do so to leave that much of the fund to be disposed of as part of the bankrupt's exempt assets.

There is equally little substance in the plaintiff's argument that, because the bankrupt retained power to change his wife as beneficiary, the fund ceased to be exempt. Exempt property is always property over which a bankrupt reserves a power of disposition; if it were not, it could not be part of his estate and would not need to be exempted. As well might one argue that, if a bankrupt makes a void deed of the homestead to someone outside the family, it ceases to be exempt. The law does not concern itself with the debtor's purposes; it gives him the exemption to use or to abuse, as he wills, subject only to its not being used to prevent that distribution which the Bankruptcy Act demands. The judge was therefore right in dismissing the plaintiff's complaint.

On the other hand he was wrong in going further, and holding that the lien of the bank was bad under the state law, for he had no jurisdiction over that question. As soon as he had decided that the property was exempt and had "set it apart," he had disposed of all questions as to its ownership with which he could deal: all else was for the state courts. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Stein v. Bostian, 8 Cir., 133 F.2d 586, 589; In Re Urban, 7 Cir., 136 F.2d 296, 298. The judgment must therefore be reversed, in so far as it adjudicated that the whole fund belongs to the widow.

The judgment so far as it dismisses the plaintiff's complaint upon the merits will be affirmed; it will be reversed, in so far as it adjudicates the ownership of any part of the fund as between the widow and the bank, and the claims of both will be dismissed for lack of jurisdiction, and not upon the merits.

Judgment reversed and action remanded for further proceedings in accordance with the foregoing.