**In re THOMPSON et al.**

**Bankr. No. 850.**

United States District Court, S. D. Texas, Brownsville Division.

April 5, 1952.

ALLRED, District Judge.

Exceptions by the Bankrupts to an Order of the Referee allowing only one motor truck as exempt to the partnership and refusing to allow instead one truck to each of the three partners.

The copartnership and individual members were adjudicated bankrupts on October 1, 1951. Thompson had carried on the business as an individual for some time previously. About one year prior to the adjudication, Thompson's son-in-law, Krumdieck, acquired a 1/4th interest in the business. About March 1951, Koch, another son-in-law, acquired a 1/4th interest. No formal articles of partnership were ever entered into; nor is there any evidence that either of the sons-in-law paid any consideration to Thompson for their interest in the business.

The partnership owned and listed seven trucks among its assets. The certificates of title on all of the trucks were in Thompson's name.

The Referee granted exemptions of the personal automobile of each of the bankrupts but allowed only one of the trucks "as exempt to the partnership * * * in which each of them have their separate interests." The Referee denied exemption of one truck to each of the partners.

Article 3832, Vernon's Texas Civil Statutes, reads, so fas as pertinent here, as follows:

> "The following property shall be reserved to *every family*, exempt from attachment or execution * * *
>
> "1. The homestead of the family.
> * * *
>
> "9. Two horses and one wagon.
>
> "10. One carriage or buggy."

(Emphasis supplied.)

Texas Courts have held that a motor truck is exempt as a wagon;[1] and an automobile as a carriage.[2]

Exemption laws are liberally construed in Texas; and the federal courts will extend the same liberal construction.[3]

James M. Easterling, Corpus Christi, Tex., Referee in Bankruptcy.

Chas. E. Thompson, McAllen, Tex., for Trustee in Bankruptcy.

Aldrich & McDonald, Edinburg, Tex., for the Bankrupts.

1. 18 Tex.Jur. 836, Sec. 33.
2. 18 Tex.Jur. 834, Sec. 32.

3. 18 Tex.Jur. 804, 805, Sec. 14; 6 Tex. Jur. 38, Sec. 27.

944

The majority rule is that an individual member of a partnership is not entitled to an exemption or a homestead out of the partnership property.[4] Texas follows the minority rule; a homestead exemption may be claimed in the partnership property by a bankrupt partner;[5] and homestead exemptions have been allowed in the federal courts to several partners.[6] Exemption has been allowed in partnership printing office materials (as tools, apparatus, etc., of a trade under Sec. 5 of Art. 3832).[7]

According to the Referee's certificate, the partnership unquestionably owned all seven trucks. It is immaterial that they were in the name of C. J. Thompson since the certificate of title is merely "an administrative presumption" which vanishes when positive evidence to the contrary is introduced.[8]

No Texas case affirmatively holds that each partner would be entitled to a separate truck; but, by analogy to In re Pagel Electric & Ice Co., footnote 5, supra, and, in view of the unusual liberality of construction generally applied to exemptions by the Texas courts, I hold that each bankrupt, as the head of a family, was entitled to the exemption of one truck. It could hardly be doubted that if the partnership had owned land or lots and each of the bankrupts lived upon or made use of respective portions of it, each could claim his separate homestead; they would not be entitled to just one homestead between them. The statutory exemption is to *every* family, not just the family of one partner.

The Order of the Referee refusing to allow exemption of one truck to each of the bankrupts will be reversed, with directions.

The Clerk will notify counsel who will submit an Order accordingly.

4. 4 A.L.R. 300. The minority rule is found at page 328 of 4 A.L.R.

5. 4 A.L.R. 385, 6 Tex.Jur. 41.

6. In re Pagel Electric & Ice Co., D.C.Tex., 14 F.2d 974 (Judge Hutcheson).

7. Saint Louis Type Foundry v. International Live Stock, etc. 74 Tex. 651, 12 S. W. 842.

8. Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202.