**Billy Reed KILGO, Bankrupt, Appellant,**

v.

**UNITED DISTRIBUTORS, Inc., Appellee.**

**No. 15456.**

United States Court of Appeals Fifth Circuit.

June 8, 1955.

Rehearing Denied June 29, 1955.

168

Irving Ward-Steinman, Alexandria, La., for appellant.

Lloyd G. Teekell, Alfred Mansour, Alexandria, La., for appellee.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

BEN C. DAWKINS, Sr., District Judge.

The question presented here is whether, as contended by appellant, a mortgage executed on February 16, 1952, on the homestead of a debtor in the sum of $10,-000, containing a waiver of the homestead according to the permissible provisions of the Louisiana law for an antecedent debt, while the debtor was insolvent to the knowledge of the mortgagee, all within four months of adjudication in bankruptcy, is voidable in toto or merely as to the excess which the property may bring at a trustee's sale, over and above the amount of the homestead thus waived, which, under the present constitution of the state, is the sum of $4,000.

Relying mainly on First National Bank of Lake Charles v. Lanz, 5 Cir., 202 F. 117, the court below sustained the claim of the mortgagee, holding the waiver effective, and the trustee appeals. (It may be noted that the record and briefs style the case "Billy Reed Kilgo, Bankrupt, v. United Distributors, Inc.," although the complaint was properly brought in the name of the trustee.)

After paying voluble tribute to the experience and long service of the referee, since deceased, appellant asserts Section 60, sub. a, as amended by the Act of March 18, 1950, 64 Stat. 24, "radically and basically changed the law" for which reason it is contended First National Bank v. Lanz, supra, and the other authorities cited by the court below are obsolete. He quotes Section 60, sub. a (1)[1] as thus amended, as well as the definition of "transfer" in the Act of July 7, 1952, 11 U.S.C.A. § 1, 66 Stat. 420.[2] However, he fails to take note of what the Act declares shall be included as property of the debtor, within the meaning of Section 107 (Liens and Fraudulent Transfers), 11 U.S.C.A.[3] This provision excludes clearly from the coverage of the statute exempt property, such as the homestead of the debtor. It is generally held that exemptions, unless expressly limited by the bankruptcy law, are creatures of the law of the state in which the bankrupt lives and the bankruptcy proceedings are had. Hogan v. Hall, 5 Cir., 118 F.2d 247; Negin v. Salomon, 2 Cir., 151 F.2d 112. See the list of authorities in the annotation at 161 A.L.R. 1005 et seq. In some of the cases analyzed by the author of that annotation, it was held that where the exempt property had been conveyed in fee, as distinguished from being encumbered with a lien or waiver of the homestead, the state courts have held that on setting aside the transfer for fraud, the homesteader thereby waived or abandoned his exemption and the proceeds of the property could be applied to the payment of general creditors. However, no such condition exists here for the simple reason there was no conveyance of title of the homestead but merely the giving of a mortgage lien to the particular creditor, supported by the waiver, and there is nothing in the record to support the Referee's intimation that it was done fraudulently or under coercion. In a footnote, the cited annotation states:

"It would seem that the amendment of the Bankruptcy Act by the Act of 1938 does not affect this proposition or the proposition, infra, that a transfer of exempt property is not a voidable preference, particularly in view of the fact that Sec. 67(d) (11 USCA Sec. 107(d), 3 FCA title 11, Sec. 107(d) of the Bankruptcy Act expressly excludes exempt property, and the fact that Sec. 70(a) (11 US CA Sec. 110(a), 3 FCA title 11, Sec. 110(a) specifically provides for the vesting in the trustees of title only to nonexempt property."

In the case of Bonvillain v. Penn, 130 La. 740, 58 So. 554, 555, the plaintiff foreclosed against property of Robert Penn via what is known in Louisiana law as executory process, wherein the vendee had, under permission of local law, waived judicial proceedings and confessed judgment in favor of the vendor in the mortgage securing purchase price notes, as to which the homestead exemption does not apply, and consented that the mortgage creditor could proceed to

---

1. "A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

2. "'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor."

3. "(d) (1) For the purposes of, and exclusively applicable to, this subdivision: (a) 'Property' of a debtor shall include only his nonexempt property".

seize and sell the property on simple notice to the debtor and apply the proceeds to the payment of his debt. In its statement of the case, the Louisiana Supreme Court adopted and quoted from the brief of defendant's counsel:

" 'The seized debtor gave a subsequent mortgage for $2,202.98, dated January 9, 1907, to secure the payment of a note in that sum, maturing January 9, 1908, and another special mortgage, dated August 1, 1909, to secure the payment of a note, maturing January 1, 1910, amounting to $2,227.46, in neither of which mortgages was the homestead waived; and on November 29, 1910, he gave a third special mortgage upon said property to secure the payment of a note, maturing January 1, 1911, for $1,899.64, upon the latter of which the homestead *was waived*'." (Emphasis supplied.)

In disposing of the matter it was said:

"If, therefore, one has 160 acres of land, and, being the head of a family, or having others dependent on him, makes it his homestead, he may nevertheless sell it; but he cannot both sell it and keep it. If the 160 acres which he makes his homestead is worth more than $2,000, an ordinary creditor may force the sale, provided the property brings more than $2,000, in which event the homesteader takes the $2,000 and the creditor the surplus. If the sale is forced for the payment of the purchase price, or any other debt to which the exemption does not apply, the creditor with the privilege is paid first, and without regard to the amount realized, and the homesteader the surplus up to $2,000, in preference to other creditors, provided he has not parted with the right so to do; but, if he has sold or waived his right, then it is his vendee and

subrogee who is to exercise it; for it will hardly be contended that he and his vendee can each successfully assert a homestead claim of $2,000, when the Constitution provides for only one such claim."

 It is well settled that when it becomes apparent the homestead property does not exceed the exemption, it is the duty of the Trustee to disclaim it as property of the bankrupt; and one holding a waiver, as here, may enforce his claim in the state court without regard to bankruptcy. 161 A.L.R. 1015 and authorities cited. If an appraisal establishes a value in excess of the homestead, the trustee may sell the property and pay the bankrupt the amount provided under the Constitution, adding the excess to the fund for distribution to the general creditors.

 The Referee, in a rather indefinite way, intimated that appellee coerced the debtor or was guilty of fraud in obtaining the waiver. If so, the homesteader is the one to complain and not the trustee for general creditors. The claimant simply proves his debt as secured to that extent and his rights are determined adversely between him and the bankrupt. Otherwise the bankruptcy court has no concern with the issue between the homesteader and the mortgagee claiming the waiver. See First National Bank of Lake Charles v. Lanz, supra, and a host of other cases.

A careful examination of the Congressional comments and cases relied on by appellants to show that the purpose of the several amendments to the Bankruptcy law was to overrule decisions such as First National Bank of Lake Charles v. Lanz, supra, reveals nothing to support that contention.

The judgment appealed from is

Affirmed.