**H. A. PHILLIPS, Trustee, Appellant,**

v.

**C. PALOMO & SONS, a Partnership Composed of Esteban Palomo, Domingo Palomo, Louis Palomo and Canuto Palomo, and Individually, Bankrupts, Appellees.**

**No. 17642.**

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1959.

Joel W. Cook, Houston, Tex., for appellant.

Seymour Lieberman, Houston, Tex., for appellees.

Before HUTCHESON, TUTTLE, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

 This appeal concerns exemptions under the law of Texas: When a partnership in bankruptcy owns four truck-trailers, is one truck-trailer exempt to each of four partners under an exemption statute allowing "every family" two horses and a wagon?[1] We are compelled to answer, "Yes".

Canuto Palomo and his three sons, Esteban, Domingo, and Louis Palomo, organized a partnership, C. Palomo & Sons, in November, 1954, to engage in the wholesale fruit, vegetable, and produce business. Canuto furnished the entire capital, which was divided among the partners in the following proportions:

| Canuto Palomo | 50% | $13,420.74 |
|---|---|---|
| Domingo Palomo | 20% | 5,367.84 |
| Louis Palomo | 20% | 5,367.84 |
| Esteban Palomo | 10% | 2,684.05 |

In May, 1958, the Palomos and the partnership filed voluntary petitions in bankruptcy. The partnership scheduled debts of $111,559.78 and assets of $80,-475.38, including four truck-trailers and other property claimed as exempt amounting to $41,500. At the time of the bankruptcy, the partnership books showed that Canuto Palomo had a credit balance of $7,797.42, but that his three sons had overdrawn their capital accounts and were each indebted to the partnership in the amount of about $3,-000.

Within one week before the bankruptcy, and at a time when the partnership was insolvent, the partners, on advice of counsel, agreed to set aside for their individual use certain truck-trailers bought in the name of the partnership. There was no actual transfer of title certificates, but each partner took actual possession of one truck-trailer. The Palomos contend that each partner, as the head of a family,[2] is entitled to the ex-

---

1. The truck-trailers are considered as exempt under the exemption allowed two horses and a wagon. Hickman v. Hickman, Tex.Civ.App., 1950, 228 S.W.2d 565, affirmed 149 Tex. 439, 234 S.W.2d 410; McMillan v. Dean, Tex.Civ.App., 1943, 174 S.W.2d 737.

2. Article 3832 of the Vernon's Ann.Civil Statutes of Texas provides:

"Article 3832. Property exempt to family.

"The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:

"1. The homestead of the family.

"2. All household and kitchen furniture.

emption of a truck-trailer, although the truck-trailers were partnership property.

The trustee in bankruptcy recommended that the exemptions not be allowed. After a hearing, the referee found "that the claiming of said property as exempt was an afterthought on the part of the bankrupts, and was done for the purpose of hindering, delaying and defrauding the partnership creditors". The referee found that "if, as partners, the individual bankrupts owned any interest in the property claimed as exempt", it was only an undivided interest to the extent of the individual partner's interest in the partnership; for example, "Esteban Palomo owned only a 10% interest in the truck and trailer claimed by him as exempt". Nevertheless, the referee overruled the trustee's objections and granted the exemptions, "following the opinion of Judge Allred In re Thompson, 103 F. Supp. 942". The district court for the Southern District of Texas approved and adopted the referee's findings. The trustee now appeals from the judgment of the district court.

█ Section 6 of the Bankruptcy Act provides that the Act "shall not affect the allowance to bankrupts of exemptions which are prescribed * * * by the State laws * * *". 11 U.S.C.A. § 24. Accordingly, we are bound by Texas exemption laws and we must follow the construction Texas courts place on such laws. Meritz v. Palmer, 5 Cir., 1959, 266 F.2d 265; Peyton v. Farmers National Bank of Hillsboro, Texas, 5 Cir., 1919, 261 F. 326; Duncan v. Ferguson McKinney Dry Goods Co., 5 Cir., 1907, 150 F. 269.

Unlike states having a traditional common law background and an inherited prejudice against exemptions, "it has ever been the settled policy in Texas to make liberal exemptions of property * * * not designed to confer exclusive privileges, nor to favor any particular class of persons; they are general laws embracing the whole community". 18 Tex.Jur., Exemptions, Sec. 3, 801. In an early leading case the Texas Supreme Court observed that the policy of "liberality has been extended from time to time, until today Texas, in this particular surpasses all the other states of the American Union"; the "wonderful improvement and progress of the past few years attest the wisdom of that policy." Green v. Raymond, 1880, 58 Tex. 80. This Court recently reviewed the jurisprudence in Texas relating to exemptions. Meritz v. Palmer, 5 Cir., 1959, 266 F.2d 265. Judge Hutcheson, for the Court, citing Green v. Raymond and numerous other Texas decisions, reemphasized that the courts have consistently recognized that the "genius and spirit of the Texas exemption laws" require their liberal construction.

"3. Any lot or lots in a cemetery held for the purpose of sepulture.

"4. All implements of husbandry.

"5. All tools, apparatus and books belonging to any trade or profession.

"6. The family library and all family portraits and pictures.

"7. Five milk cows and their calves.

"8. Two mules.

"9. Two horses and one wagon.

"10. One carriage or buggy.

"11. One gun.

"12. Twenty hogs.

"13. Twenty head of sheep.

"14. All saddles, bridles, and necessary harness for the use of the family.

"15. All provisions and forage on hand for home consumption.

"16. All current wages for personal services.

"17. All wearing apparel.

"18. Twenty head of goats.

"19. Fifty head of chickens.

"20. Thirty head of turkeys.

"21. Thirty head of ducks.

"22. Thirty head of geese.

"23. Thirty head of guineas.

"24. One dog."

Article 3835 provides:

"Article 3835. Property exempt to others than family.

"The following property shall be reserved to persons who are not constituents (constituents) of a family, exempt from attachment, execution and every other species of forced sale:

"1. A lot or lots in a cemetery, held for the purpose of sepulture.

"2. All wearing apparel.

"3. All tools, apparatus and books belonging to any trade or profession.

"4. One horse, saddle and bridle.

"5. Current wages for personal services."

794

In most jurisdictions an individual partner is not entitled to an exemption or a homestead out of the partnership property. The rule is otherwise in Texas. 18 Tex.Jur., Exemptions, Sec. 12, p. 814; 4 A.L.R. 300, 328, 335.

In the case of In re Pagel Electric & Ice Co., D.C.S.D.Tex.1926, 14 F.2d 974, 975, Charles, Frank, and Louis Pagel, bankrupts, claimed as exempt ten lots in the town of Schulenburg. They also claimed an electric light plant, ice plant, and plumbing plant, including all machinery situated on the land, and all wire, poles, tools, apparatus, and equipment necessary and used in the operation of the plants. The referee found that the Pagels used the location to operate their business as the heads of families and that they were also machinists and mechanics. Judge Hutcheson, then sitting as district judge, adopted the opinion and order of the referee holding:

"[T]he fact that the personal property claimed by the bankrupts as exempt to them may have consisted in part of property which they owned as partners, or as joint owners, would not affect their right to claim such as exemptions, but that such property was exempt to them under the provisions of article 3785 title 55 of the Revised Civil Statutes of 1911. This rule is supported by the case of St. Louis Type Foundry Co. v. International Live Stock Printing & Publishing Co., 74 Tex. 651, 12 S.W. 842, 15 Am.St.Rep. 870, as also by the case of Willis v. Morris, 66 Tex. 628, 1 S.W. 799, 59 Am. Rep. 634, wherein the Supreme Court held that the tools of their trade were exempt to partners, and the fact that they employed mechanics using large and expensive machinery did not deprive them of the homestead exemption to the place of their business and the necessary machinery annexed to the freehold. * * * [T]he fact that they [the partners] owned the property jointly, or as partners, did not deprive them of the right to claim and hold

said property exempt as their business homestead. The right of partners, or joint owners, to claim their homestead being jointly owned, or partnership property, is well established in Texas. The rule in Texas is laid down and distinguished in 4 American Law Reports 335–339, and the doctrine is announced and sustained in the case of Swearingen and Garrett v. Bennett, 65 Tex. 267. It is also upheld in the case of Gordon v. McCall, 20 Tex.Civ.App. 283, 48 S.W. 1111. The exemptions of homesteads taken out of jointly owned, or partnership property, have been held in the cases of Williams v. Meyer, (Tex.Civ.App.) 64 S.W. 66 and Allen v. Meyer, (Tex. Civ.App.) 65 S.W. 645; also the cases of Willis v. Morris, 66 Tex. 628, 1 S.W. 799; Clements v. Lacy, 51 Tex. 151."

In St. Louis Type Foundry v. International Livestock Journal Print & Publishing Co., 1889, 74 Tex. 651, 12 S.W. 842, a case often cited, the question was whether, the press, type, and material belonging to a partnership was exempt to the individual partners under the Texas statute allowing as exemptions to persons not constituents of a family "all tools, apparatus, and books belonging to any trade or profession". The court stated:

"It often happens, says Mr. Freeman, 'that property designated as exempt by statute belongs to two or more persons, either as co-tenants or co-partners. The question, then, arises whether this property must be treated as exempt to the same extent as if held in severalty. The answers are irreconcilable, and the opposing opinions are both supported by very respectable authorities. * * * [C]o-tenants and co-partners have been placed on the same footing in a majority of the states, and both have been given the full benefit of the exemption laws. This position, even where the words of the statute do not clearly indicate an intent to deal

with undivided interests, is made tenable by the general rule that these statutes must be liberally construed, so as to promote the policy on which they are based, and accomplish the purposes to which they are directed."

[74 Tex. 651, 12 S.W. 843.]

Continuing, the court held:

"One of the principal purposes of the statute is to protect whatever interest or title would be subject to seizure under execution or attachment. The partnership interest is liable to the levy of such writs, and is therefore entitled to the protection which the statute affords. We think that 'all tools, apparatus, and books belonging to any trade or profession' although they may constitute partnership property, are entitled to the exemption."

In the St. Louis Type Foundry case the parties were not constituents of a family. Here each is the head of a family. Article 3832 of the Texas Revised Statutes, exempting certain property "to every family" is broader however, than Article 3835 exempting property to persons who are not constituents of a family.[3]

In re Thompson D.C.S.D.Tex.1952, 103 F.Supp. 942, 944, is virtually on all fours with the instant case. In that case a partnership, composed of a father-in-law having a 50% interest and two sons-in-law each having a 25% interest, owned seven trucks. Judge Allred held:

"No Texas case affirmatively holds that each partner would be entitled to a separate truck; but, by analogy to In re Pagel Electric & Ice Co., and, in view of the unusual liberality of construction generally applied to exemptions by the Texas courts, I hold that each bankrupt, as the head of a family, was entitled to the exemption of one truck. It could hardly be doubted that if the partnership had owned land or lots and each of the bankrupts lived upon or made use of respective portions of it, each could claim his separate homestead; they would not be entitled to just one homestead between them. The statutory exemption is to every family, not just the family of one partner."

We feel under the same compulsion as Judge Allred. In view of the unusual liberality of construction applied to exemptions by Texas courts and in view of the Pagel case and St. Louis Type Foundry case, we hold that each Palomo partner was entitled to a truck and trailer combination as exempt property.

We realize that Esteban Palomo, for example, who had only $2,684.05 in the partnership when it was formed and who owed the partnership $3,000 when the bankruptcy petition was filed emerges with a Mack Truck Tractor valued at $9,500 and a Freuhauf Reefer Van Trailer valued at $3,500. But we must take the law as we find it.

We realize also that during the existence of a partnership, in Texas, as in all states, no partner has any exclusive right to any specific item but has only an undivided interest in all of the property to the extent of his partnership interest. Now, however, Esteban Palomo, who had only a 10% interest, has full ownership of a truck and trailer worth $13,000; Domingo, who has 25% interest, has a truck and trailer worth $16,000; Louis who had the same interest as Domingo is given a truck and trailer worth $6,500; and Canuto, who had a 50% interest ends up with truck and trailer worth $3,500. It may seem a strange result that allows a partner to draw from his firm a larger share of assets than he is entitled to under the partnership agreement. But the underprivileged partners are not complaining and the equities existing between one partner and another give their creditors no additional rights. An exemption does not depend upon the extent of a partner's indebtedness nor whether a particular partner has drawn from the partnership more than his proper share. Texas law gives each partner two horses

3. See footnote 2.

and a wagon, not a fractional undivided interest in two horses and a wagon.

 Since the trucks were exempt, their transfer from the partnership to the individual partners cannot be characterized, in law, as a transfer for the purpose of hindering, delaying and defrauding creditors. Article 67, sub. d of the Bankruptcy Act specifically excludes exempt property, and the trustee does not take title to exempt property. A conveyance of exempt property therefore cannot be a fraud on creditors. Kilgo v. United Distributors, 5 Cir., 1955, 223 F.2d 167. Similarly, under Texas law, it "is well settled that a conveyance of exempt property may not be attacked on the ground that it was made in fraud of creditors". Chandler v. Welborn, Tex. 1956, 294 S.W.2d 801, 805.

The judgment is

Affirmed.

Jones, Circuit Judge, dissented.