In the Matter of J. L. N. DISTRIBU-TORS, INC., Bankrupt.

James Talcott, Inc., Appellant,

T. Cohn, Inc., Appellee.

No. 387, Docket 28562.

United States Court of Appeals
Second Circuit.

Argued March 19, 1964.

Decided April 22, 1964.

Julius J. Abeson, New York City, (Harry A. Margolis, Hahn, Hessen, Margolis & Ryan, New York City, on the brief), for appellant.

S. A. Hauptman, Brooklyn, N. Y. (Louis P. Rosenberg, Brooklyn, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.

LUMBARD, Chief Judge.

James Talcott, Inc. appeals from an order of the Eastern District of New York which reversed the order of a referee in bankruptcy and which declared elected a trustee in bankruptcy to serve instead of the trustee whom the referee had declared elected. Inasmuch as the factual basis upon which the district court and the referee acted is unclear, we remand the case to the district court for further proceedings.

On April 5, 1963, J. L. N. Distributors, Inc., the bankrupt, made an assignment for the benefit of creditors to Isadore Leinwand, who was represented by Louis Rosenberg, an attorney. By order of the New York State Supreme Court, Kings County, the assignee was authorized to conduct a sale of the bankrupt's tangible assets at public auction. On April 24, one day prior to the sale, an involuntary petition in bankruptcy was filed by three of the bankrupt's creditors—T. Cohn, Inc., claiming $470, William Leinwand,

claiming $550, and Marlo Merchandise Corp., claiming $170. Louis Rosenberg appeared as attorney for these creditors, and the petition was signed as attorney in fact by Alfred Rosenberg, brother and law partner of Louis. On the same day, I. Robert Bassin was appointed receiver and thereafter, pursuant to an order of the bankruptcy court, he sold the bankrupt's tangible assets.

By mimeographed letters dated April 26, 1963, the bankrupt's creditors were solicited for their proofs of claim and powers of attorney. The letterhead read "Committee of Petitioning Creditors of J. L. N. Distributors, Inc., Suite 2403, 16 Court Street, Brooklyn 1, New York." In fact this was the address of the law offices of Alfred and Louis Rosenberg. The letter was signed "T. Cohn, Inc., William Leinwand, Marlo Merchandise Corp."

At the first meeting of creditors, held before Referee Duberstein on May 23, 1963, a contest over the election of a trustee developed. One committee, voting 18 claims totaling $6,375.39, nominated Bassin, the receiver, as trustee. Alfred Rosenberg voted 6 claims totaling $1,695.85 as a lawyer [1] and 54 claims totaling $16,665.74 as a member of a creditors' committee consisting of himself, representing T. Cohn, Inc., Isadore Leinwand, representing William Leinwand, Inc., and Aaron D. Bernstein, representing Marlo Merchandise Corporation. Rosenberg nominated as trustee Stanley B. Hendler, a law partner of Isadore Leinwand.

The committee which had nominated Bassin interposed an objection to Rosen-

1. Rule 14(c) (3) of the Bankruptcy Rules of the Southern and Eastern Districts of New York provides:

"An attorney desiring to vote more than one claim under power of attorney or proxy at any meeting of creditors shall, prior to such voting, file an affidavit with the referee stating (1) his name and office address, (2) the names and amounts of the claims he desires to vote, (3) whether any of the creditors whose claims he desires to vote are his regular clients, and if so, their names and the approximate length of time each has been such regular client, (4) the name of the person from whom he received the claims of creditors who are not his regular clients, and the nature of his connection with such person, (5) whether the claims of creditors other than his regular clients have been solicited, and if so, by whom, and (6) that said claims were not solicited nor will they be voted in the interest of the bankrupt or in an interest other than that of general creditors."

berg's voting the 54 claims of his committee on the ground that Rule 14(d) of the Bankruptcy Rules of the United States District Courts for the Southern and Eastern Districts of New York prohibits the voting by an attorney of claims which have been solicited.[2] On July 9, 1963, Referee Duberstein filed an opinion declaring Bassin the trustee on the ground that under Rule 14(d) Rosenberg could not vote the claims which had been solicited. On petition for review filed by T. Cohn, Inc., Judge Dooling reversed the order of the referee and declared Hendler the trustee in bankruptcy.

Judge Dooling took the position that Rule 14(d) does not prohibit the voting by an attorney of claims which have been solicited by a creditors' committee so long as the committee is not merely "a mask for the lawyer's solicitation of business for himself." We agree. While the rule is designed to proscribe a lawyer's independent solicitation of claims for his own benefit, creditors should not be denied the right to retain attorneys to aid them in the sometimes complex task of assembling the claims of other creditors and presenting these claims before the referee in bankruptcy. Indeed, no persuasive reason is suggested to deny the creditors the right to have their attorneys represent them as members of the committee itself. See Arrow Dairy Co., Inc. v. Chase Superior, Inc., 116 F.2d 573 (2 Cir. 1941).

Where an attorney causes the formation of a creditors' committee to serve primarily as a facade for his own improper solicitations, another question is presented. Whether such is the case is primarily a question of fact for determination by the referee in the first instance. Judge Dooling construed the referee's opinion as espousing a rule of law that an attorney may never vote claims on behalf of a committee if he has taken part in the solicitation of such claims, even if the attorney is serving as a member and officer of the committee. It is unclear, however, whether the referee intended to find simply that the Rosenberg committee was in reality no more than a mask for Rosenberg's own improper solicitations. Even if the referee's conclusion was based on an erroneous legal theory, the district court was without sufficient facts to decide the question here presented; it should either have remanded for clarification under proper instructions as to the law, or should itself have found further facts to determine whether the solicitations were of such nature as to disqualify the votes.[3] Referee Duberstein noted in his opinion that Alfred Rosenberg's affidavit stated that the committee had been organized at his own instance, and the referee concluded that "Rosenberg, acting on behalf of said 'Committee of Petitioning Creditors' solicited claims with a view toward electing a trustee in bankruptcy." Indeed, Hendler, Rosenberg's nominee, is a law partner of Isadore Leinwand, one of the three attorney-members of the creditors' committee.

Inasmuch as the record is unclear and does not sufficiently find the facts and state the conclusions upon which the district court and the referee acted, we

---

2. Rule 14(d) provides, in pertinent part:
    "The referee, at his own instance, or at the request of any party in interest in the proceeding, may make, or permit inquiry to be made, as to the solicitation of claims voted, or to be voted. If, upon such inquiry, it appears that any claim, power of attorney or proxy has been solicited with the intent or purpose of voting such claim at any meeting or hearing in the interest of the bankrupt, or in an interest other than that of general creditors, or, if it appears that any claim, power of attorney or proxy has been solicited, and such claim is being voted at any meeting of creditors by an attorney at law, the referee shall not allow the voting of such claim under such power of attorney or proxy."

3. Although the district court must accept the referee's findings of fact unless clearly erroneous, where the record before the referee is incomplete or unclear the district court may receive further evidence itself. General Order in Bankruptcy No. 47, 11 U.S.C. following § 53; In re J. Rosen & Sons, Inc., 130 F.2d 81 (3 Cir. 1942); cf. Rosehedge Corp. v. Sterett, 274 F.2d 786 (9 Cir. 1960).

deem it best to remand the cause to the district court for further proceedings not inconsistent with this opinion. We find no merit in the other claims advanced by the appellant.

Remanded.