In the Matter of Kenneth Thomas
WILLIAMS, Bankrupt-Appellant,
v.
Jack WIRT, Trustee, Appellee.
No. 28626
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
March 4, 1970.

---

George Cheren, Robert Golden, Miami, Fla., for appellant.

Paul G. Hyman, Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

■ This is an appeal from an order of the District Judge who, on petition for review, reversed the order of the referee in bankruptcy.[1]

The bankrupt claimed as exempt various items of personal property, under the $1,000 personal property homestead exemption afforded by the Florida constitution, F.S.A.Const. Art. 10, § 1. Included were ten shares of stock of Ran-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969).

line, Inc., a close corporation. The trustee and the sole creditor of the bankrupt objected to the claim. The referee, after hearing, found that the total value of the property claimed as exempt was $2,360, which included $2,250 as the value of the Ranline stock. He allowed the claim of exemption, provided that, as to the stock, the exemption would not be effective unless the bankrupt paid over to the trustee $1,360, the difference between $1,000 allowable and the total value of $2,360.

The District Court reversed, holding that the referee committed error (1) by permitting the bankrupt to claim as exempt corporate stock, (2) by failing to require independent appraisals of the value of the corporate stock, (3) by allowing the bankrupt to retain his corporate stock upon payment to the trustee of the excess above the exemption prescribed by the Florida constitution, (4) by failing to take into account the value of the cash on hand of Ranline, Inc., in arriving at his valuation of bankrupt's corporate stock, and (5) by failing to order a public sale of the assets of the bankrupt with payment to him, out of the proceeds, the amount to which he was entitled as a personal property exemption. We vacate and remand.

■■ Under the Bankruptcy Act, exemptions allowed by state law are preserved in bankruptcy for the residents of respective states. 11 U.S.C.A. § 24. State laws creating exemptions control as to the kind and amount of property which is exempt. 1 Collier, Bankruptcy, ¶ 6.13 at 861–63 (14th ed., 1969). In applying the exemption laws of a state the federal courts follow the construction placed thereon by the courts of the state. Phillips v. C. Palomo & Sons, 270 F.2d 791 (5th Cir.1959).

■ Florida has interpreted its exemption laws to allow its citizens a $1,000 personal property exemption in kind. McMichael v. Eckman, 26 Fla. 43, 7 So. 365 (1890). The personalty exemption has been held to extend to corporate stock. Sneed v. Davis, 135 Fla. 271, 184 So. 865 (1938). Thus the referee did not err in permitting the bankrupt to claim as exempt corporate stock.

■ Under the Bankruptcy Act, an appraisal of exempt property by independent appraisers is not required, 1 Collier, supra, ¶ 6.06 at 819. The referee did not err in not causing an appraisal to be made.

■ Where a bankrupt has property, part of which is exempt and part of which is non-exempt, it is not an uncommon practice to allow him to keep the whole of that property, if he pays the trustee the value of that portion of it which is non-exempt. This course of action is approved by numerous authorities; e. g., 1 Collier, supra, ¶ 6.20 at 903–04 n. 2; Bank of Nez Perce v. Pindel, 193 F. 917 (9th Cir. 1912); Russell v. Laugharn, 20 F.2d 95 (9th Cir. 1927). The referee committed neither error of law nor abuse of discretion in adopting this procedure and in not ordering a public sale of the stock.

■ The proceedings are an enigma as to the conclusion of the District Court that the referee erred in failing to take into account cash on hand in valuing the corporate stock. The referee's determination of value was one of fact, Taylor v. Standard Gas & Electric Co., 96 F.2d 693, 706 (10th Cir. 1938), and as such it was entitled to acceptance by the District Court "unless clearly erroneous." Order 47, General Orders in Bankruptcy; Bazemore v. Stehling, 396 F.2d 701 (5th Cir. 1968). On its face the referee's calculation of value does not appear to include cash as an asset, but we are unable to exclude the possibility that cash is concealed in the figures. On the other hand, neither the District Court nor the parties on this appeal point to evidence, either in the printed Appendix or in the lengthy original record, showing how much cash, if any, the corporation had, nor are we able to find any such definitive evidence. In short, the District Court says something was left out of the referee's calculations. We are unable to find it, and neither the parties

nor the lower court point us to it, and the face of the calculation indicates that perhaps it was left out.

 This is a proper case to be remanded to the District Court which, if there is in the record the necessary evidence, can enter further findings of fact, or it can remand to the referee under proper instructions as to the law for an explication and clarification of the calculated value of the stock, and, if elements of value were improperly omitted, for a redetermination of value. In Re J.L.N. Distributors, Inc., 330 F.2d 815 (2d Cir. 1964).

Vacated and remanded to the District Court for further proceedings not inconsistent with this opinion.

The costs shall be divided equally between the parties.