### BLUMBERG et al. v. COXE.

(Circuit Court of Appeals. Fifth Circuit. October 27, 1925.)

No. 4648.

1. Bankruptcy ⊕396(3)—Policy payable to trustee, empowered to use proceeds to pay debts of insured's estate, not exempt from liability for debts.

Where insurance policy was made payable to trust company as trustee, and instruments creating trust empowered trustee in its discretion to use all or part of proceeds of policy to pay debts or claims against insured's estate, and subject to such power required trustee to pay income of trust estate to insured's wife, with directions for distribution on her death or remarriage, held policy did not come within Code Ala. 1923, § 8277, exempting certain policies for benefit of wife and children from liability for insured's debts.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

In the matter of the bankruptcy of D. H. Blumberg and J. A. Blumberg; John S. Coxe, trustee. On petition of bankrupts to superintend and revise an order holding the trustee entitled to the cash surrender value of certain insurance policies. Petition denied.

A. Leo Oberdorfer, Crampton Harris, and Hugo L. Black, all of Birmingham, Ala. (Black & Harris, of Birmingham, Ala., on the brief), for petitioners.

William S. Pritchard and John D. Higgins, both of Birmingham, Ala. (Thompson & Thompson, of Birmingham, Ala., on the brief), for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. Each of the two bankrupts, who are the petitioners in this court, claimed as exempt certain insurance policies on his life, each of which policies was made payable to "American Trust & Savings Bank of Birmingham, Alabama, as trustee." The trustee in bankruptcy claimed the cash surrender value of the several policies. Under each of the policies the insured had the right to change the beneficiary. By the terms of the instruments creating the trusts referred to, the trust was operative only with respect to the proceeds payable at or after the death of the insured on policies of insurance on his life made payable to the trustee. Each of those instruments contained provisions to the following effect:

The trustee was empowered in its sole, uncontrolled discretion to use all or any part of the principal of the trust estate for the purpose of paying any debts or claims against the estate of the insured, or for the payment of taxes or other similar charges on the insured's estate. Subject to that power the trustee was required to pay the net income from the trust estate to the insured's wife, so long as she should remain his widow, and upon the decease or remarriage of the widow the trustee was required to pay over and distribute the trust estate in equal shares to the insured's wife and his children then living, and the descendants then living of any deceased's child; the wife taking only a child's share, and the descendants of a deceased child taking per stirpes a child's share.

Section 8277 of the Code of Alabama of 1923 contains the following:

"The husband or father may insure his life for the benefit of his wife, or for the benefit of his wife and children, or for the benefit of his child or children, and such insurance is exempt from liability for his debts or engagements, or for his torts, or any penalty or damages recoverable of him, if the annual premium thereon do not exceed one thousand dollars; or if such premiums exceed one thousand dollars, then to the extent of the insurance which an annual premium of one thousand dollars would purchase as an ordinary life policy in a standard life insurance company."

This provision is the same as one contained in section 4502 of the Code of Alabama of 1907, except that the stated amount of annual premium was raised from $750 to $1,000. A policy does not come within the terms of the quoted statute unless it is for the benefit of the insured's wife, or for the benefit of his wife and children, or for the benefit of his child or children. The exemption provided for is not effected, unless the statute is conformed to. Friedman Bros. v. Fennell, 94 Ala. 570, 10 So. 649. A policy does not conform to the statute when the terms of it are consistent with the application of the proceeds of it arising upon the death of the insured to the payment of the debts, or a single debt, of the insured, to the exclusion of the statutory beneficiary or beneficiaries.

Each of the policies in question was so framed that benefits from it to the insured's wife and children were dependent upon, not the contract of insurance, but the uncontrolled will of the trustee, to whom the insurance is made payable. A policy which may inure solely to the benefit of the insured's creditors cannot properly be said to be for the benefit of his wife and children, within the meaning of the statute. Manifestly the statute was not intended to have the effect of enabling a debtor to have exempted to him insurance on his life which, in the event of his death without a change of beneficiaries having been made, might inure to the sole benefit of one or more of his creditors.

The petition is denied.