In the Matter of Marcel Jay GOULD, Bankrupt.

Marcel Jay GOULD, Bankrupt, Appellant,

v.

H. A. PHILLIPS, Trustee, Appellee.

No. 71-3233

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 29, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

**394**

S. Mitchell Glassman, Houston, Tex. (Diamond & Totz, Houston, Tex., of counsel), for appellant.

H. A. Phillips, Houston, Tex., for appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The narrow legal question in this appeal from a decision in bankruptcy is as follows: Does the incorporation by 11 U.S.C. § 24 of the law of the bankrupt's domicile pertaining to exemptions exclude from the estate in bankruptcy the cash value of life insurance policies of which bankrupt is owner and a contingent beneficiary, but not the named insured. The facts are not in dispute. Bankrupt, a practicing physician, is domiciled in the State of Texas, and has resided in the State for more than six months. Among the assets he listed on his voluntary petition in bankruptcy were seven life insurance policies on the lives of his minor children. The bankrupt has stipulated that:

  (a) Bankrupt was the owner of each policy;

  (b) A minor child of bankrupt and his wife was insured under each policy;

  (c) Bankrupt's wife was the primary beneficiary of each policy;

  (d) Bankrupt was designated as contingent beneficiary;

  (e) Each policy had been in force more than two years; and

  (f) Bankrupt made all premium payments.

Six of the policies being considered contain the following clauses:

*Paragraph 3:* "While the insured is living the *owner* can change the beneficiary from time to time by written notice in form satisfactory to the company—."

*Paragraph 5:* "All benefits, rights and privileges under this policy which are available while the insured is living are vested in the *owner.*"

*Paragraph 6:* "At any time while the insured is living the *owner* can arrange for a transfer of his entire ownership, to take effect immediately, or upon receipt by the company of due proof of the owners death.

Such ownership can be transferred immediately to a new owner by writ-

ten request satisfactory to the company, accompanied by the policy for appropriate endorsement.

When ownership passes to a new owner in accordance with these arrangements for transfer of ownership provisions, the new owner will succeed to the benefits, rights and privileges of the previous owner."

### CASH LOAN AND NON-FORFEITURE PROVISIONS

*Paragraph 1:* "The *owner* can surrender this policy and receive its cash value, less any indebtedness, at any time after it first has such a value."

(Emphasis supplied.)

The seventh policy contained clauses to like effect.

The district court upheld the referee in bankruptcy's determination that the cash surrender value of these policies were includible in the bankrupt's estate. The referee and district court reasoned that for the exemption provided by Art. 3832a, Vernon's Ann.Tex.St., to make any sense as an exemption statute, the *insured* must have some interest in the life insurance policies which the *insured's* creditors could reach, but for the provisions of the Article.

In considering claimed exemptions provided by state law applied through § 6 of the Bankruptcy Act [11 U.S.C. § 24], we look to the underlying state law. Williams v. Wirt, 423 F.2d 761 (5th Cir., 1970); Phillips v. C. Palomo & Sons, 270 F.2d 791 (5th Cir., 1959); 4(a) Collier, Bankruptcy, § 70.23 (14th Ed., 1969).

The particular problem now at issue, as bankrupt concedes, has not been resolved by the Texas courts. We turn, therefore, to a consideration of general principles. A construction given an exemption statute in the circumstances described must comport with the underlying policies of both the Bankruptcy Act, cf. In Re Hygrade Envelope Corp., 393 F.2d 60 (2nd Cir., 1968), cert.

den. 393 U.S. 837, 89 S.Ct. 114, 21 L. Ed.2d 108 and the state enactment. In Re Lamb, 272 F.Supp. 393 (E.D.La., 1967). The best source of legislative intent is, of course, the enactment itself. § 70(a) (5) of the Bankruptcy Act provides that a trustee in bankruptcy shall be vested by operation of law, except property held to be exempt, with title of the bankrupt to property, including rights of action which prior to the filing of the petition he could have by any means transferred, or which might have been levied upon and sold under judicial process against him or otherwise seized, impounded or sequestered. As a bankrupt was owner of the policies at issue, the title would pass under this section unless the policies be exempted by state law.

Art. 3832a provides an exemption from any debt for the cash surrender value of any life insurance policy, provided that two conditions have been met: first, that the policy has been in force for two years and, second, that a member of the family is a beneficiary under the policy. We note that it is undisputed a member of bankrupt's family is the beneficiary, however, we also note that the insured was not the bankrupt.

The referee in bankruptcy, utilizing a similar method of analysis, concluded:

"Exemption statutes have as their purpose the protection of a debtor and his family. These statutes deal in persons, not in abstract principles. They must be viewed in relation to the persons they were designed to protect or to benefit.

"Here the insureds, Gould's children, have no title to or interest in the policies in question or their cash surrender values. In order for Article 3832a to make any sense at all as an exemption statute the *insured* must have some interest in the life insurance policies which the insured's creditors could reach but for the provisions of this article. This construction is consistent with § 2 of the bill

**396**

which, upon enactment by the Legislature, was codified as Art. 3832a:

" 'The fact that life insurance policies should be exempt from liability for debt as provided herein *in the interest of the family of the insured,* creates an emergency . . .'

(Emphasis added) Act 1929, 41st Leg., 2d C.S. p. 78, Ch. 43, § 2.

"The quoted language indicates beyond any doubt that the legislature had no intention of creating an exemption for an owner of a policy who was not the insured under the policy."

Neither the district court nor we are able to perceive an error in the referee's conclusion. Bankrupt's claim that the Texas exemption statute must be given a liberal construction in favor of exemption, while indeed an accurate historical statement of the state law, Green v. Raymond, 58 Tex. 80 (1882) does not require that a court in bankruptcy stretch the statutory exemption when in so doing it would thwart the policy of the Bankruptcy Act itself. In Re Hygrade Envelope Corp., 272 F.Supp. 451 (D.C. N.Y., 1967), reversed on other grounds, 393 F.2d 60 (2nd Cir.). Accord, Mutual Trust Life Ins. Co. v. Wemyss, 309 F. Supp. 1221 (D.Me., 1970). The judgment appealed is affirmed.