**In re Joseph Michael BONANT, Bankrupt.**

**Bankruptcy No. 78–10171–JD.**

United States Bankruptcy Court, C. D. California.

Nov. 27, 1979.

Joseph Michael Bonant, bankrupt, pro se.

N. Gregory Young, Beverly Hills, Cal., for trustee.

## OPINION

JAMES R. DOOLEY, Bankruptcy Judge.

This case presents a difficult question concerning the extent to which the homestead exemption will be allowed in a bankruptcy proceeding filed by a California domiciliary where the homestead property is owned by husband and wife in joint tenancy and the husband alone files bankruptcy.

Joseph Michael Bonant filed this bankruptcy proceeding on October 26, 1978. He listed among his assets a home in Los Angeles County, California valued at $125,000, subject to liens and encumbrances totalling $69,400.00; and in Schedule B–4 he claimed a $20,000 exemption on this home.

On April 18, 1979 the trustee filed a Report Of Exempt Property in which he reported the bankrupt's home as exempt, saying, among other things:

"Residence: . . . subject to encumbrance of approx. $70,000 and joint tenancy interest of Catherine Bonant, and Homestead exemption of $20,000. Market value approx. $125,000. No interest to the estate in bankruptcy. (See: *In re Alper Goldberg* N.D. CA 11/77)."

However, on April 27, 1979 the trustee filed an application to withdraw the report of exempt property which he had filed on April 18, 1979. This application was heard on May 24, 1979, after notice to creditors, and was granted by the court; and on May 25, 1979 the trustee filed a new Report Of Exempt Property in which he declined to report the bankrupt's home as exempt. The new report stated, *inter alia*:

"Residence: . . . subject to encumbrance of approximately, $70,000.00 and homestead exemption of $20,000.00, Market value approximately $125,000.00. There is substantial non-exempt equity that can benefit this estate."

On June 6, 1979 the bankrupt filed an objection to the report of exempt property which the trustee had filed on May 25, 1979 and in addition claimed a $40,000 homestead exemption instead of the $20,000 exemption previously claimed. The bankrupt's objection was heard on June 20, 1979; and at this hearing it was established, among other things, that the bankrupt and his wife acquired their home as joint tenants by grant deed which was executed on January 21, 1963 and recorded on February 14, 1963; that the bankrupt and his wife continued to hold the property in joint tenancy until October 26, 1978, when the bankruptcy petition was filed; that on June 27, 1977 the bankrupt and his wife executed a joint declaration of homestead which was recorded in Los Angeles County, California on June 28, 1977; that when the bankruptcy petition was filed the home had a value of approximately $125,000; that the liens and encumbrances against the property at that time totalled about $70,000; and that both the bankrupt and his wife executed the documents creating the liens and encumbrances against the property. It was also established that most of the unsecured debts scheduled by the bankrupt were debts for which he alone had an obligation, but that some of the scheduled debts were owed by both the bankrupt and his wife.

The bankrupt relies upon *In Re Alper L. Goldberg*, 3 BCD 1279 (Bankruptcy Judge Lloyd King, N.D. California, November 18, 1977). In *Goldberg* the entire property was worth $100,000, the liens against the property totalled $44,000, and the appropriate homestead exemption was $20,000. Also in *Goldberg*, as here, the bankrupt and his wife held title to the family residence in joint tenancy, only the husband filed bankruptcy, and a declaration of homestead was duly filed prior to the husband's bankruptcy.

Goldberg contended that the bankrupt took nothing for creditors; that his undivided one-half interest in the property was worth $50,000; that from the latter sum must be subtracted $44,000, the total amount of the liens and encumbrances against the whole property; that the remainder of $6,000 was less than the $20,000 homestead exemption; and that therefore, nothing was available for the trustee. Judge King, relying primarily upon *Schoenfeld v. Norberg* (1970), 11 Cal.App.3d 755, 90 Cal.Rptr. 47, accepted Goldberg's contentions.

In *Schoenfeld*, a judgment creditor of the husband sought to levy execution upon a homestead which was owned jointly by both husband and wife, in accordance with the procedure prescribed by Sections 1245 et seq. of the California Civil Code. Under this procedure a judgment creditor may apply to the Superior Court of the county in which the homestead is situated for the appointment of appraisers; and if the value of the property exceeds the amount of the homestead exemption plus the aggregate amount of all liens and encumbrances on the property, the property must be sold. See Sections 1253, 1254, 1255 and 1256 of the California Civil Code. In *Schoenfeld*, the property was worth $35,000, was subject to liens of $9,099, and the head of the family homestead exemption at the time

was $12,500. The Superior Court ordered the husband's interest in the property sold with a minimum bid of $21,599; however, the First District Court of Appeal reversed with directions to determine whether the property was held in joint tenancy or as community property. The appellate court concluded that if the property was held as community property it could be sold with a minimum bid of $21,599 but that if it was held in joint tenancy it could not be sold, since the husband's interest did not exceed the amount of the homestead exemption plus all liens and encumbrances.

The critical determination in *Schoenfeld* was that the California Civil Code required the entire homestead exemption and all of the liens and encumbrances to be deducted from the husband's interest alone, if the property is held in joint tenancy, and not from the whole property. If this determination is applied in bankruptcy proceedings, the decision in *Goldberg* is unimpeachable.

■ This court is of the view that *Schoenfeld* should not be applied in bankruptcy proceedings. It is true that under Section 6 of the Bankruptcy Act (11 U.S.C. § 24) the bankrupt's rights to a homestead exemption are those given him by state statutes. *Matter of Brissette*, 561 F.2d 779, 783–784 (9th Cir. 1977). However, *Schoenfeld* was not decided by the highest court of California; and it does not appear that the California Supreme Court has passed upon the issues presented in that case. Under the circumstances, this court is of the view that it may adopt its own interpretation of California law, particularly as it relates to exemptions in bankruptcy proceedings.[1] See *Douglas v. Beneficial Finance Company of Anchorage*, 469 F.2d 453, 455 (9th Cir. 1972).

■ The construction given a state exemption statute, when applying such statute through the Bankruptcy Act, must comport with the underlying policies of both the Bankruptcy Act and the state enactment. See *In Re Gould*, 457 F.2d 393, 395 (5th Cir. 1972). And state law may not be used to frustrate the purposes of the Bankruptcy Act. Cf. *In re Kanter*, 505 F.2d 228 (9th Cir. 1974). In *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966), the Supreme Court pointed out that the "main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition." See also *Kokoszka v. Belford*, 417 U.S. 642, 646, 94 S.Ct. 2431, 2434, 41 L.Ed.2d 374 (1974). This purpose will be frustrated in this case if the bankrupt's home is declared completely exempt.

■ In the present case the bankrupt and his wife have a substantial equity in their home over and above a homestead exemption of $30,000[2] and all liens and encumbrances; and it is the view of this court that one-half of such equity passed to

---

1. The court in *Schoenfeld* noted that the statutory language governing the procedure for the execution and sale of homestead property "was apparently adopted without consideration of encumbrances on jointly owned property" (11 Cal.App.3d at page 766, 90 Cal.Rptr. at page 54). This court believes that in determining the excess available to creditors said statutory language can and should be interpreted so that the homestead exemption and the aggregate liens and encumbrances are deducted from the value of the entire property where as here the husband and wife holding the property in joint tenancy both executed the documents creating the liens and encumbrances, and they both executed a joint declaration of homestead.

2. As previously indicated, the bankrupt claimed a $20,000 homestead exemption on his Schedule B–4, but thereafter claimed a $40,000 homestead exemption when he filed his objection to the trustee's report of exempt property. This court concludes that the bankrupt is entitled to the $30,000 homestead exemption which went into effect on January 1, 1977; since it does not appear that any of the bankrupt's unsecured debts arose prior to the latter date. See *Swenor v. Robertson*, 452 F.Supp. 673 (N.D. of California 1978). The exemption for the head of a family was increased to $40,000 during 1978; however since many of the bankrupt's debts were incurred during 1977, this court does not feel that the bankrupt can benefit from the $40,000 exemption, at least not in its entirety. *Swenor v. Robertson*, supra.

the husband's trustee in bankruptcy pursuant to Section 70a of the Bankruptcy Act (11 U.S.C. § 110(a)).[3] If the bankrupt and his wife had both filed bankruptcy and their cases had been consolidated, the entire equity, over and above the homestead exemption and aggregate liens and encumbrances, would have passed to the trustee in bankruptcy. The husband should not be permitted to gain an advantage by filing bankruptcy separate and apart from his wife.[4] Also, if the bankrupt's home were declared completely exempt, the bankrupt and his wife could immediately realize upon the equity in their home through a sale or refinancing.

In the present case the bankrupt's home was valued at approximately $125,000. However, under the formula adopted in *Goldberg* and *Schoenfeld*, this home could have a value of $200,000 with total liens and encumbrances of $70,000 and still be completely exempt. This highlights and reinforces this court's conclusion that the formula adopted in *Goldberg* and *Schoenfeld* should not be applied in bankruptcy proceedings.

This Opinion contains findings of fact and conclusions of law.

---

3. When the interest of the bankrupt husband passed to the trustee in bankruptcy, the joint tenancy was severed, since the unity of interest was destroyed. Cf. *In re Victor*, 218 F.Supp. 218 (S.D.Ill.1963); *In re Blodgett*, 115 F.Supp. 33 (E.D.Wis.1953); see also, *Flynn v. O'Dell*, 281 F.2d 810, 817 (7th Cir. 1960); *Tenhet v. Boswell* (1976), 18 Cal.3d 150, 133 Cal.Rptr. 10, 554 P.2d 330.

4. The wife may well file bankruptcy at a later date and also claim the homestead exemption. Under the formula in *Goldberg* it would appear that the entire home would be exempt in her subsequent bankruptcy proceeding as well.