**In re Ralph Allen LAMBERT, Debtor.**

**Bankruptcy No. 83 B 00158 J.**

United States Bankruptcy Court,
D. Colorado.

Oct. 11, 1983.

**42**

Kay Wilson, trustee, Boulder, Colo., pro se.

Albert V. Evans, Evans & Lipson, Denver, Colo., for debtor and Evelyn A. Lambert.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came before the Court on the Trustee's Application for Partition and Sale and Motion to Employ and Pay a Professional Person and the objections thereto filed by the Debtor and Evelyn A. Lambert.

The Debtor herein filed his Chapter 7 petition on January 13, 1983. At that time he held an interest in certain real property with his sister, Evelyn A. Lambert. Their interest was as purchasers of the property, as joint tenants, under an installment land contract from the Veterans Administration. On September 23, 1983, the Debtor died.

Assuming, without deciding, that the Debtor and Evelyn A. Lambert held the property as "joint tenants" under the installment land contract, i.e. that there was a unity of time, title, interest and possession, under state law, the initial question is whether or not there remains any property of the estate, after the Debtor's demise, for the Trustee to sell.

11 U.S.C. Sec. 541(a)(1) provides, in part, that the bankruptcy estate is comprised of "... all legal *or* equitable interests of the Debtor in property *as of the commencement of the case.*"

It is clear that state law determines the nature, extent and effect of the Debtor's (and therefore the estate's) interest in property. See, e.g., *In re Ford,* 3 B.R. 559 (Bkrtcy.Md.1980), *aff'd* 638 F.2d 14 (4th Cir. 1981).

Colorado law on joint tenancies is straightforward. Joint tenants hold an undivided interest in the whole property. *Mangus v. Miller,* 35 Colo.App. 115, 532 P.2d 368 (1974). A joint tenant is free to convey his interest in the property to a third party, and, upon conveyance, the joint tenancy is severed and the right of survivorship is destroyed. *Carmack v. Place,* 188 Colo. 303, 535 P.2d 197 (1975). The right of survivorship is retained until the joint tenancy is effectively severed and the severance must occur prior to the death of one of the joint tenants because the right of survivorship instantly vests title to the whole property in the surviving tenant at the moment of the death of the other joint tenant. *Place v. Carmack,* 33 Colo.App. 411, 522 P.2d 592 (1974). A joint tenancy is severed by destroying one of the four unities of time, title, interest and possession either by operation of law, by death, or by acts of one joint tenant without the consent of the other joint tenant, or by mutual agreement. *First National Bank of Southglenn v. Energy Fuels Corp.,* 200 Colo. 540, 618 P.2d 1115 (1980); *Mann v. Bradley,* 188 Colo. 392, 535 P.2d 213 (1975). And a joint tenancy is severed by operation of law by an execution sale. *First National Bank of Southglenn v. Energy Fuels Corp., supra.*

The Debtor and Evelyn Lambert argue that since the estate's interest is limited to the Debtor's interest, then the estate's interest in this property would be subject to Evelyn Lambert's right of survival as a joint tenant. Thus, their argument goes, when the Debtor died, Evelyn Lambert became vested with the Debtor's interests in the property and there is no right, title or interest remaining in the bankruptcy estate which the Trustee can sell. The only thing which arguably could have severed the joint tenancy in this case would be the filing of the bankruptcy petition.

Under the old Bankruptcy Act, some courts held that filing a bankruptcy petition

did, indeed, sever a joint tenancy. *Flynn v. O'Dell,* 281 F.2d 810 at 817 (7th Cir.1960); and *In re Bonant,* 1 B.R. 335 (Bkrtcy.C.D. Cal.1979) and the cases cited therein. This Court can find no cases which follow *Flynn* and *Bonant* under the Code. Perhaps this is because the Code does not provide explicitly for a transfer of title of the debtor's property to the Trustee. The Code provides that the Trustee can administer property of the estate but does not provide that the Trustee holds *title* to the estate property.

However, legislative history provides some clarification. "The debtor's interest in property also includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example." *Senate Report No. 95–989, 95th Cong.2d Sess. 82–3 (1978),* U.S.Code Cong. & Admin. News 1978, pp. 5787, 5868. And further, in that same report, it is stated: "Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate ... will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to property of the estate, and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts." *See also* Bankruptcy Rule 1016.

Although several Code sections appear to support the thesis that a joint tenancy survives the filing of a bankruptcy petition, on closer examination those sections lend support to the antithesis. For example, Sec. 363(h) provides in pertinent part, " ... the trustee may sell both the estate's interest ... and the interest of any co-owner in property in which the debtor *had,* immediately before the commencement of the case, an undivided interest as a ... joint tenant...." (Emphasis added.) Likewise, Sec. 522(b)(2)(B) provides in pertinent part that a debtor may exempt from property of the estate " ... any interest in property in which the debtor *had,* immediately before the commencement of the case, an interest as a ... joint tenant...." (Emphasis added.)

Both of these sections are written in the past tense "had", not the present tense "has", thus indicating that the debtor no longer holds the title that he did just prior to commencement of the case.

This Court is aware of the case of *In re Ford,* 3 B.R. 559 (Bkrtcy.Md.1980), and the cases which follow it. However, those cases are clearly distinguished in that they deal with a tenancy by the entireties which requires consent of the co-tenants to destroy the right of survivorship. Joint tenancy has no such restriction. *See, Carmack v. Place, supra.* In addition, this Court disagrees with the reasoning in that case which concludes that if the tenancy by the entireties were severed by the filing of a bankruptcy petition the result would be to nullify Sec. 522(b)(2)(B). That section merely creates a fiction that says "notwithstanding" Sec. 541 wherein all the property of the debtor becomes property of the estate, the debtor can nevertheless have the benefit of an exemption from process the same as if he had not filed his bankruptcy petition and severed either his tenancy by the entireties or joint tenancy.

■ Based on the foregoing, it is the opinion of this Court that the filing of a petition in bankruptcy effects a severance of any joint tenancy the debtor may have had in property and that the Trustee and the other former joint tenants of the debtor become tenants in common. Thus, the right of survivorship enjoyed by the former joint tenants is destroyed. The result in this case is that there is, indeed, an undivided one-half interest in the subject property which is property of the estate.

■ The Debtor and Evelyn Lambert next argue that each, as a joint tenant of the property, is personally entitled to the $20,000.00 homestead exemptions provided for in Sec. 38–41–201, C.R.S., and thus, after applying these claimed homesteads and the costs of sale of the property, there is no value to the estate. The law in this district is well settled that there is only one homestead exemption per a specific piece of real property. *See In re Howe,* Bankr.Colo. No.

**44**

81 B 03865 C, Nov. 2, 1981; and *In re Pruitt,* Dist.Ct.Colo. Civil Action No. 83–JM–212, May 19, 1983. Thus, the home-stead exemption amount of $20,000.00 is subtracted from the net proceeds of sale *before* any determination is made with respect to the equity of any specific joint tenant. By performing the calculations in this manner, under either the Debtor's or the Trustee's assertion of value, it is clear that there is substantial equity in the estate in this case.

The Debtor and Evelyn Lambert also argue that before the Trustee may proceed with a sale of the property, certain evidentiary matters must be resolved by the Court under Sec. 363(h). The Court agrees.

IT IS THEREFORE ORDERED that an evidentiary hearing will be held on the Trustee's Application for Partition and Sale on Tuesday, November 8, 1983, at 10:00 a.m., in U.S. Bankruptcy Courtroom C, 400 Columbine Building, 1845 Sherman Street, Denver, Colorado.