**Molly W. BARTHOLOW,**
**Trustee, Appellant,**

v.

**Stanley L. GARNER, Debtor, Appellee.**

**Civ. A. No. 3–84–0606–G.**
**Bankruptcy No. 381–01728–F.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 24, 1984.

Jack A. Moffitt, Jr., Dallas, Tex., for appellant.

Stanley L. Garner, pro se.

## MEMORANDUM OPINION AND ORDER

FISH, District Judge.

This case is here on appeal from an order of the Bankruptcy Court, which held that the debtor, Stanley L. Garner, could claim, as an exemption from the estate, the cash surrender value of a life insurance policy. Molly W. Bartholow, the trustee in bankruptcy, appeals this ruling as contrary to the applicable exemption statute, former article 3836(a)(6) of Vernon's Annotated Texas Revised Civil Statutes.[1]

The findings of fact of the Bankruptcy Court are simple and undisputed. Garner took out a life insurance policy in 1980, naming as "Direct Beneficiary" of the policy the First National Bank in Dallas and its successor, Cynthia Kostman, as trustee of a trust created by Garner for the benefit of his children. The trust instrument named Garner's children as the "Income Beneficiaries" of the trust. The trust's assets consisted of the death proceeds of the policy and interests in a limited partnership and joint venture. The policy had a cash surrender value of $19,029.60 on December 23, 1981, the date on which Garner's bankruptcy estate was created by the filing of an involuntary petition against him.

Since neither party challenges the determinations of fact made by the Bankruptcy Court, this appeal turns exclusively on that court's application of the law. The first issue raised by the trustee is whether Texas law exempts from a bankrupt's estate the cash surrender value of a life insurance policy whose named beneficiary is a trustee for the benefit of the bankrupt's children.

Former article 3836(a) in express terms allowed exemption of the cash surrender value of a life insurance policy "to the extent that a member or members of the family of the insured person ... is beneficiary thereof." TEX.REV.CIV.STAT. ANN. art. 3836(a)(6). The Fifth Circuit has analyzed this statute as requiring "that a member of the family [be] a beneficiary *under the policy.*" *In re Gould,* 457 F.2d 393 (1972) (emphasis added). Article 3.01, Section 9, of the Texas Insurance Code (Vernon 1981) bolsters this construction by defining "beneficiary" as "the person to whom a policy of insurance effected is payable." The language of these statutes, read together, strongly supports the trustee's construction that an exemption is not allowable if the beneficiary of the insurance policy is a trust, i.e., not a member of the debtor's family.

Here, however, the bankruptcy judge allowed the exemption on the ground that Garner's children, as beneficiaries of the trust, were the "direct beneficiaries" of the policy. While this might appear a logical extension of the exemption in keeping with the statutory purpose of protecting the debtor and his family, *see In re Gould,* 457 F.2d at 395, the function of this court in a diversity jurisdiction case is "to ascertain what the state law is, not what it ought to be." *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 497, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941). Unfortunately, neither Texas cases nor federal cases applying Texas law have resolved the question of whether the naming of a trustee for the benefit of family members is within the legislative intent of article 3836(a).

The court need not decide this broad issue, however, because narrower grounds exist for denying an exemption in this case. The trustee in bankruptcy argues in the alternative that, at the least, the exemption

---

**1.** The new Texas Property Code (Vernon Supp. 1984) became effective on January 1, 1984. It repealed article 3836(a) and codified the exemption under section 42.002. Article 3836(a)(6) provided in part as follows:

    (a) Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following:

    \*    \*    \*    \*    \*    \*

    (6) the cash surrender value of any life insurance policy in force for more than two years to the extent that a member or members of the family of the insured person ... is beneficiary thereof.

does not apply to a trust where payment of insurance proceeds to members of the insured's family is subject to contingencies created by the trust agreement. The trustee in bankruptcy lists four such contingencies with respect to the instant insurance trust: (1) any of Gardner's children may fail to reach the age of thirty, in which case a non-family member will receive part of the insurance proceeds; (2) Cynthia Kostman, as trustee, has broad powers under the trust instrument to manage, invest, and retain the trust assets; (3) the joint venture and limited partnership interests in the trust corpus expose the insurance policy to creditors' claims against these interests; and (4) a successor trustee would have the power to charge costs against trust assets, including the insurance policy.

■ Because the court finds these arguments compelling, it concludes that the interests of Garner's children in the insurance policy proceeds are contingent and that the cash surrender value of this life insurance policy is not exempt under article 3836(a).

■ A venerable Texas case, *Green v. Raymond*, 58 Tex. 80 (1882), establishes the principle that exemption statutes should be liberally construed in favor of exemption. On the other hand, a court should not construe an exemption statute in a manner contrary to the policy underlying the exemption. The purpose of article 3836(a)(6) is to protect the debtor's family. *See In re Gould*, 457 F.2d 393, 395–96 (5th Cir.1972). This purpose is reflected in the language of limitation in the article itself: "... to the extent that a member or members of the insured person ... is beneficiary thereof." TEX.REV.CIV.STAT. ANN. art. 3836(a)(6). The statutory purpose, as expressly limited by the language of the statute, cannot practicably be administered in the courts where there are con-

tingencies on the fact and the amount of payment to family-member beneficiaries.

On similar facts the Fifth Circuit has refused to broadly construe an exemption statute similar to article 3836(a)(6). *Blumberg v. Coxe*, 8 F.2d 735 (5th Cir.1925), involved a life insurance policy that named a trustee as the beneficiary. The trust agreement made the debtor's wife and children the trust beneficiaries, but it gave the trustee discretion to use all or part of the insurance proceeds to pay the debts of or claims against the debtor's estate. The Alabama exemption statute applied to life insurance for the benefit of the debtor's wife and children.[2] The court held that the insurance policy was not exempt:

> A policy does not conform to the statute when the terms of it are consistent with the application of the proceeds of it arising upon the death of the insured to the payment of the debts, or a single debt, of the insured, to the exclusion of the statutory beneficiary or beneficiaries.

*Id.* at 736.

■ Although the trust agreement in this case does not expressly grant the trustee a power to use the insurance proceeds to pay any of Garner's debts, the agreement does effectively subject the proceeds to claims of creditors of the limited partnership and the joint venture. The agreement was not narrowly drafted to make the insurance proceeds "non-recourse." It expressly subjects the corpus, including the insurance policy, to costs chargeable by a successor trustee. It also creates age contingencies and gives the trustee broad management, investment, and retention powers over the trust corpus. *Cf. In re Phillips*, 7 F.Supp. 807 (M.D.Pa.1934) (life insurance policy payable to corporate trustee for benefit of insured's wife and children was exempt under Pennsylvania statute exempting policies for the benefit of wife, children, or dependent relatives where trust agreement provided for payment of pro-

---

**2.** The statute, Ala.Code § 8277 (1923), provided in part as follows:

The husband or father may insure his life for the benefit of his wife, or for the benefit of his wife and children, or for the benefit of his child or children, and such insurance is exempt from liability for his debts or engagements, or for his torts, or for any penalties or damages recoverable of him ....

ceeds to wife and children upon insured's death).

The court does not believe that the legislature intended, in enacting article 3836(a)(6), to enable a debtor to exempt life insurance which might ultimately be used for the sole benefit of any of his creditors. *Cf. Blumberg v. Coxe*, 8 F.2d at 736 (construing Alabama statute).

Accordingly, the ruling of the Bankruptcy Court that the life insurance policy in issue is exempt is hereby REVERSED. Judgment will be entered declaring that the cash surrender value of the subject policy is the property of the bankruptcy estate of Stanley L. Garner.