**In re Leo W. TYSON and Eleanor G. Tyson d/b/a Leo's Electric a/d/b/a Le-el Enterprises, Debtors.**

**Bankruptcy No. 284–00080.**

United States Bankruptcy Court, C.D. Illinois.

Jan. 24, 1985.

Vincent P. Paulauskis, Bourbonnais, Ill., for debtor.

Steven D. Rakich, Matteson, Ill., James Giacoma, Louise Bigott, Kankakee, Ill., for creditor.

## ORDER

LARRY LESSEN, Bankruptcy Judge.

This matter comes before the court on the Debtor, Leo Tyson's Motion to Dismiss Chapter 11 Proceedings. United Bank of Crete-Steger ("the Bank") has filed an objection to the motion. The issue presented by the motion is whether the filing of the instant Chapter 11 proceeding severed the Debtors' joint tenancy in certain real estate which they held.

The relevant facts are as follows: On February 10, 1984, the Debtors, Leo W. Tyson and Eleanor G. Tyson, filed a petition for Chapter 11 Reorganization. On August 12, 1984, Leo W. Tyson, died. No trustee had been appointed and no plan of reorganization had been approved. On October 9, 1984, the Debtor's attorney filed a Suggestion of Death and a Motion to Dismiss the Chapter 11 as to both Debtors. On October 29, 1984, the Debtor's attorney filed a Motion to Reinstate Chapter 11 proceedings as to Eleanor G. Tyson. On November 26, 1984, the Bank, an unsecured creditor, filed an Objection to Dismissal and Application to Convert Case Under Chapter 7.

▇ Illinois law regarding joint tenancies is straightforward. Joint tenants hold an undivided interest in the whole property. *Bonczkowski v. Kucharski,* 13 Ill.2d 443, 150 N.E.2d 144 (1958). "The characteristics of joint estate are derived from its unities, which are the unity of interest, the unity of title, the unity of time and the unity of possession, and the destruction of one or more of the four unities severs and destroys the joint tenancy, this being done by a conveyance, voluntary or involuntary, of the interest of one of the joint tenants." *Van Antwerp v. Horan,* 390 Ill. 449, 61 N.E.2d 358 (1945). *See also Klajbor v. Klajbor,* 406 Ill. 513, 94 N.E.2d 502 (1950).

It is the Debtor's position that, pursuant to Bankruptcy Rule 1016, the Debtor has the right to dismiss the instant Chapter 11 proceeding. Rule 1016 provides:

> Death or insanity of the debtor shall not abate a liquidation case under chap-

ter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred. If a reorganization or individual's debt adjustment case is pending under chapter 11 or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

The Advisory Committee Note to Rule 1016 adds, "This rule is derived from former Rules 118 and 11–16. In a chapter 11 reorganization case or chapter 13 individual's debt adjustment case, the likelihood is that the case will be dismissed."

In *In re Lambert,* 34 B.R. 41 (Bankr.D. Colo.1983), the debtor died after filing a Chapter 7 petition in bankruptcy. The question before the *Lambert* court was analogous to the question *sub judice:* what effect does the filing of a bankruptcy petition have on a joint tenancy which the debtor may have in property. The *Lambert* court concluded that "the filing of a petition in bankruptcy, effects a severance of any joint tenancy the debtor may have had in property and that the Trustee and the other former joint tenants of the debtor become tenants in common." 34 B.R. at 43. The *Lambert* court reasoned:

> Under the old Bankruptcy Act, some courts held that filing a bankruptcy petition did, indeed, sever a joint tenancy. *Flynn v. O'Dell,* 281 F.2d 810 at 817 (7th Cir.1960); and *In re Bonant,* 1 B.R. 335 (Bkrtcy.C.D.Cal.1979) and the cases cited therein. This Court can find no cases which follow *Flynn* and *Bonant* under the Code. Perhaps this is because the Code does not provide explicitly for a transfer of title of the debtor's property to the Trustee. The Code provides that the Trustee can administer property of the estate but does not provide that the Trustee holds title to the estate property.

> However, legislative history provides some clarification. "The debtor's interest in property also includes 'title' to property, which is an interest, just as are

a possessory interest, or leasehold interest, for example." *Senate Report No. 95–989, 95th Cong.2d Sess. 82–3 (1978),* U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868. And further, in that same report, it is stated: "Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate … will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the estate, and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts." *See also* Bankruptcy Rule 1016.

34 B.R. at 42–43.

The *Lambert* court also found support in the Bankruptcy Code, indicating that a debtor (who filed a petition in bankruptcy) no longer holds the title that he did just prior to the commencement of the bankruptcy case.

Although several Code sections appear to support the thesis that a joint tenancy survives the filing of a bankruptcy petition, on closer examination those sections lend support to the antithesis. For example, Sec. 363(h) provides in pertinent part, "… the trustee may sell both the estate's interest … and the interest of any co-owner in property in which the debtor *had*, immediately before the commencement of the case, an undivided interest as a … joint tenant…." (Emphasis added.) Likewise, Sec. 522(b)(2)(B) provides in pertinent part that a debtor may exempt from property of the estate "… any interest in property in which the debtor *had*, immediately before the commencement of the case, an interest as a … joint tenant…." (Emphasis added).

34 B.R. at 43.

 Based on the foregoing, it is the court's opinion that by filing his petition in bankruptcy, Leo Tyson lost any joint tenancy he may have had in real estate he owned with his wife. As a result, the bankruptcy estate of Leo Tyson has a one-half interest in the property in question.

 The Debtor's attorneys argue that since the instant case is a Chapter 11 proceeding and since no trustee has been appointed, Leo Tyson really hasn't passed his interest in the joint tenancy to anyone; therefore, his interest in the property passes to his wife. The court, however, disagrees. Pursuant to Bankruptcy Code, Section 1107, a debtor in possession (in a Chapter 11) has rights, powers, and *duties* analogous to those of a trustee had a trustee been appointed. It is the court's position that one of the debtor in possession's duties in this case is to hold, as property of the bankruptcy estate, any property in which the debtor in possession had a joint tenancy interest at the time the Chapter 11 petition was filed. *Cf.* Bankruptcy Code, Section 1107(a).

IT IS THEREFORE ORDERED that the Motion to Dismiss Chapter 11 Proceedings filed on behalf of Debtor Leo W. Tyson, be, and hereby is Denied.