**In the Matter of Floyd K. CAMERON, d/b/a Cameron's Golf, d/b/a Cameron Dillon, Inc., Debtor.**

**Bankruptcy No. 2–91–02580.**

United States Bankruptcy Court, D. Connecticut.

Feb. 22, 1994.

---

Gilbert L. Rosenbaum, Hartford, CT, Chapter 13 Trustee.

S. William Bromson and Gregory M. Cantwell, Bromson & Reiner, Windsor Locks, CT, for debtor.

Jonathan B. Alter, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, for Mechanics Sav. Bank.

*DECISION AND ORDER ON DEBTOR'S MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY*

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### *ISSUE*

Floyd K. Cameron, the debtor in this Chapter 13 case, seeks an order that Mechanics Savings Bank (the Bank) is in violation of the automatic stay provision of Code § 362(a) because the Bank has started a mortgage foreclosure action against a co-owner's jointly held interest in the debtor's residence. At the commencement of the case, title to the residence was held by the debtor and his spouse, Lynn E. Cameron (Lynn), as joint tenants. The Bank denies its foreclosure action implicates the co-owner-debtor's estate. The parties have submitted the matter solely on briefs, there apparently being no dispute on any of the following background facts.

## II.

### *BACKGROUND*

The debtor and Lynn, on October 27, 1988, secured a commercial note [1] payable to the Bank with a second mortgage on their residence located at 22 Sparrowbush Road, East Hartford, Connecticut (the residence). The debtor filed a petition for relief under Chapter 13 on August 5, 1991 and included in his schedule of liabilities the debt due the Bank. The mortgage debt became in default after the filing, and the Bank, on June 15, 1993, started a mortgage foreclosure action in the Connecticut Superior Court solely with regard to Lynn's interest in the residence.[2] The Bank named neither the debtor nor the Chapter 13 trustee as party-defendants in the state-court action.

The debtor filed the instant motion on October 6, 1993, seeking, inter alia, a finding that the Bank violated the § 362(a) automatic stay when it commenced the foreclosure action. The motion asserts the debtor has "a legal and/or equitable interest in the property being foreclosed upon." Debtor's Motion ¶ 20.[3]

## III.

### *DISCUSSION*

Under Connecticut common law, there was no survivorship right between joint tenants

---

1. The debtor does not contend that the stay afforded by Code § 1301 to co-debtors on *consumer* debts applies in this in this proceeding.

2. Due to certain lapses in the mortgage recording, the transfer effected by the mortgage as regards the debtor has been ruled to be a preferential transfer avoidable by the debtor's estate. *See Rosenbaum v. Mechanics Sav. Bank (In re Cameron),* 151 B.R. 303 (Bankr.D.Conn.1993) (appeal pending).

3. The debtor's Motion for Contempt for Violation of the Automatic Stay requests that the bankruptcy court (1) hold the Bank in contempt of court; (2) issue an injunction ordering the Bank to withdraw its state court foreclosure action; (3) impose sanctions to compensate the debtor if the Bank does not withdraw its action; and (4) award the debtor attorney's fees and compensatory and punitive damages pursuant to § 362(h). The debtor's brief in support of its motion, filed January 18, 1994, characterizes the motion as one for sanctions rather than for contempt and omits any request that the court find the Bank in civil contempt. The court therefore treats the motion as one for sanctions and considers the debtor's request for civil contempt as abandoned. *See, e.g., In re Briggs,* 143 B.R. 438, 462 (Bankr. E.D.Mich.1992) ("Although the Debtor's motion alleged that the Credit Union was in "contempt," § 362(h) is, under these circumstances, the more appropriate reference for determining what sanctions should be imposed on the Credit Union for violating the automatic stay.") (citing *In re Price,* 103 B.R. 989, 991–92 (Bankr.N.D.Ill.1989), *aff'd,* 130 B.R. 259 (N.D.Ill.1991)).

and no essential difference between the rights of joint tenants and tenants in common. *Hughes v. Fairfield Lumber and Supply Co.,* 143 Conn. 427, 430, 123 A.2d 195 (1956). However, Connecticut legislation now establishes the nature of a joint tenancy in real estate. A conveyance running to grantees as joint tenants "creates a joint tenancy in fee simple with right of survivorship added...." Conn.Gen.Stat. § 47–14a. A conveyance by less than all of the joint tenants severs the tenancy as to the interest conveyed and the grantee thereof becomes a tenant in common with the remaining tenants. *Id.* § 47–14c. A mortgage by less than all of the joint tenants is a severance only to the extent that upon the death of the mortgagor joint tenant, the mortgage will continue to encumber the interest accruing to the surviving joint tenant by reason of death. *Id.* § 47–14e. A joint tenant's interest may be attached or liened and sold on execution, the same as if he held his interest as a tenant in common. *Id.* § 47–14f.

■ The Bank first contends that the rights of joint tenants and tenants in common remain sufficiently similar that a recent ruling of the Connecticut Appellate Court in *Burritt Interfinancial Bancorp. v. Wood,* 33 Conn.App. 401, 404–05, 635 A.2d 879 (1994), should control the present matter. *Burritt* held that the automatic stay does not apply in a real estate foreclosure action against a nondebtor cotenant where the debtor and nondebtor held title as tenants in common. The court ruled that as tenants in common, the debtor and nondebtor cotenant held undivided one-half interests which were "absolutely separate and distinct as far as the right of each to convey or to encumber his interest.... The ultimate effect of the foreclosure ... was to substitute the bank for the defendant as cotenant with [the debtor]." *Id.* at 406, 635 A.2d 879.

■ In light of the Connecticut statutes discussed above, it is readily apparent that a

foreclosure of the nondebtor's joint cotenant interest does not simply have the effect of substituting a cotenant. The completed foreclosure will destroy the right of survivorship held by the debtor's estate. *See Liscio v. Liscio,* 204 Conn. 502, 505–06, 528 A.2d 1143 (1987) (Conn.Gen.Stat. § 47–14c provides that one joint tenant's conveyance of any interest in the joint tenancy destroys the right of survivorship of all other joint tenants as to the interest conveyed.). This right qualifies as an estate interest under the all-encompassing definition of property of the estate contained in Code § 541.[4] The foreclosure, accordingly, affects property of the estate, an act that the automatic stay prohibits. *See* 11 U.S.C. § 362(a)(3) (bankruptcy petition operates as a stay of any act to exercise control over estate property). It is unnecessary to posit the issues that might arise during a relief from stay proceeding brought by the Bank.

The Bank also relies upon several bankruptcy court decisions that have ruled a joint tenancy is severed upon the filing of a Chapter 7 petition by one cotenant as the filing, in effect, constitutes a conveyance that severs the tenancy. *See Feldman v. Panholzer (In re Panholzer),* 36 B.R. 647, 651 (Bankr.D.Md. 1984); *In re Lambert,* 34 B.R. 41, 43 (Bankr. D.Colo.1983). The present matter is distinguishable from these authorities in that in a Chapter 13 case, there can be no presumed conveyance by the debtor upon the petition for relief, as the debtor remains in possession of all property of the estate. *See* Code § 1306(b). ("Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.").

## IV.

### CONCLUSION

For the reasons stated, the court concludes that the Bank violated the stay provided by

---

**4.** Section 541(a) provides:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a). *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), 1978 U.S.Code Cong. & Admin.News, 5787, 6323 (explaining that the scope of § 541(a) is broad and includes all kinds of property held by the debtor.).

§ 362(a) when it commenced the foreclosure action of the nondebtor's jointly held interest in the residence. The debtor's request for injunctive relief is inappropriate since Fed. R.Bankr.P. 7001(7) requires the bringing of an adversary proceeding for such relief. *See In re Colonial Realty Co.*, 134 B.R. 1017, 1023 (Bankr.D.Conn.1991) (A request for injunctive relief ordinarily must be made in the context of an adversary proceeding.), *aff'd*, No. 91–200X, 1991 WL 487192 (D.Conn. Dec. 30, 1991), 980 F.2d 125 (2d Cir.1992). No ruling on the debtor's request for sanctions pursuant to § 362(h) can be made at this time due to lack of a proper record. *Cf. In re Hooker Inv., Inc.*, 116 B.R. 375, 378 (Bankr.S.D.N.Y.1990). It is

SO ORDERED.