[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action in which plaintiff moves for a deficiency judgment, which defendants vigorously oppose, an issue of first impression is raised as to the effect an automatic stay, granted when one of two joint property owners filed for bankruptcy, has on the running of the 30-day period within which a plaintiff must file for a deficiency judgment, pursuant to CT Page 7048 C.G.S § 49-14(a).[1]
The facts are as follows: The plaintiff initiated this action to foreclose a mortgage on real property in Canton, Connecticut owned jointly with right of survivorship by the defendants Christopher M. and Leslie M. Pelzar. The Court entered a judgment of foreclosure by sale on July 1, 1993, setting the sale date for October 30, 1993. On October 25, 1993 the judgment was reopened and judgment of strict foreclosure entered with a law day for the Pelzars, as owners of the equity of redemption, set for December 6, 1993 and subsequent days for encumbrancers in inverse order of their priority.
On December 3, 1993 Christopher Pelzar filed a petition in the United States Bankruptcy Court, Hartford, Connecticut, seeking relief under Chapter 11. Plaintiff filed a motion for relief from the automatic stay, which was granted on June 9, 1994. Plaintiff then moved to reopen the judgment, which was granted on June 27, 1994, and a new law day set for August 29, 1994 for the Pelzars with subsequent days for the encumbrancers.
On August 29, 1994 Leslie Pelzar filed a petition in United States Bankruptcy court, Hartford, Connecticut, seeking relief under Chapter 13. On her own motion, Leslie's Chapter 13 petition was ordered dismissed on September 14, 1994. On September 27, 1994 Christopher's Chapter 11 case was dismissed.
The plaintiff moved to reopen the judgment which was granted on October 11, 1994 and new law days set, commencing November 8, 1994. Pursuant to that judgment, the last day for redemption was November 13, 1994. No one redeemed on his respective law day, and title vested in plaintiff on November 14, 1994.
Plaintiff filed the instant motion for a deficiency judgment on November 16, 1994, and claims since it did so well within 30 days "after the time limited for redemption has expired," as provided in C.G.S. § 49-14(a), it is entitled to that judgment.
Christopher and Leslie Pelzar claim the automatic stay resulting from the bankruptcy filed by each of them did not affect the law days of the other set by the court and that, as a result, title vested in the plaintiff as to each of their interests well before the 30 days within which the plaintiff had to move for a deficiency judgment. Specifically, the foreclosure CT Page 7049 judgment of October 25, 1993 set a law day for the Pelzars on December 6, 1993. When Christopher filed his Chapter 11 petition on December 3, 1993, it stayed proceedings against him but did not stay the running of law days of Leslie or the other encumbrancers. As a consequence, the Pelzars claim, Leslie's title to the property vested in plaintiff on December 11, 1993. Since plaintiff did not file its motion for deficiency judgment until November 14, 1994, plaintiff's motion must be denied pursuant to § 49-14(a).
Similarly, after the stay was lifted on Christopher's bankruptcy, the court on June 27, 1994 set a new law day for August 29, 1994. Leslie's filing of her Chapter 13 petition did not stay the running of the law days of Christopher and the other encumbrancers. As a consequence, the Pelzars claim, Christopher's title to the property vested in plaintiff on September 2, 1994 and since plaintiff did not file its motion for deficiency judgment until November 16, 1994, § 49-14(a) bars that relief.
Whether or not the Pelzars' claim has merit depends on the nature of the property interest of the owners, the impact of a stay under the various chapters in bankruptcy on a joint owner who has not filed a bankruptcy petition, and most important, the meaning to be given to the phrase in § 49-14(a) that a deficiency judgment must be filed "within thirty days after the time limited for redemption has expired."
The Pelzars held the property as joint tenants with right of survivorship. Our law is that a conveyance by one joint tenant severs the joint tenancy, and the grantee holds the interest conveyed as tenant in common with the remaining joint tenant. C.G.S. § 47-14b and 47-14c. Ianotti v. Ciccio, 219 Conn. 36,
50 (1991); Guilbeault v. St. Amand, 10 Conn. L. Rptr. 121,8 CSCR 1075 (1993).
This rule underlies the way a stay resulting from one joint tenant filing in bankruptcy applies to the nonfiling other joint tenant. The effect is dependent on the Chapter under which the bankruptcy petition is filed. A filing of a Chapter 7 petition operates as a conveyance of assets of the debtor to the trustee in bankruptcy, severs the joint tenancy of property held by the debtor and non-debtor, and converts it into tenancy in common. Inre Panholzer, 36 B.R. 647 (Bankruptcy D, Md. 1984, In re Lambert, CT Page 705034 B.R. 41 (Bankruptcy D, Col., 1983). As a result the stay only applies to the debtor and does not apply to the non-debtor.
A filing of a Chapter 13 bankruptcy by one joint tenant, with right of survivorship, however, does not sever the joint tenancy and the stay granted by the bankruptcy court does apply to the non-debtor joint tenant. Matter of Cameron, 164 B.R. 428
(Bankruptcy D. Conn. 1994). The reasoning of the bankruptcy court is that the joint tenant debtor's estate includes the right of survivorship in the non-debtor's one-half interest in the property. The filing of a Chapter 13 petition does not constitute a conveyance by the debtor, so as to sever the joint tenancy, because the debtor continues to possess his estate property.
A completed foreclosure of the non-debtor's interest in the property would, however, destroy the right of survivorship held by the debtor's estate. Since the bankruptcy stay prohibits others from exercising control over debtor's property, (11 U.S.C. § 362(a)(31), it must operate to stay the foreclosure proceeding against both the debtor and non-debtor.[2]
A Chapter 11 bankruptcy proceeding falls between a Chapter 7 and a Chapter 13. Under Chapter 11 no trustee is appointed, as in Chapter 7, but the "debtor in possession" has rights, power andduties, pursuant to 11 U.S.C. § 1107 which are analogous to those of a trustee. Consequently, In re Tyson, 48 B.R. 412
(Bankruptcy, C.D. Ill. 1985) holds that a filing under Chapter 11 does sever a joint tenancy held by the debtor and his non-debtor wife, creating tenants in common. The result is that the stay in a Chapter 11 proceeding does not apply to the non-debtor joint tenant.
An analysis of the effect of the filing of a petition under the various bankruptcy chapters upon a joint tenancy and the effect of a bankruptcy stay upon the non-debtor joint tenant does not, however, answer the question when thirty days begin to run within which a plaintiff may bring a motion for a deficiency judgment, pursuant to § 49-14(a).
Section 49-14 requires a mortgage creditor, to whom title has vested in the mortgagor's property, after a strict foreclosure, "`to apply the actual value of the security to the debt before collecting any claimed deficiency." and the valuation as of the time title vests in the mortgagee is the "`conclusive basis for determining the . . . amount of any claimed deficiency.'" MarescaCT Page 7051v. De Matteo, 6 Conn. App. 691, 694 (1985)[.]
Maresca v. De Matteo, id., holds the thirty days pursuant to § 49-14(a) starts to run after the last day of redemption fixed by a judgment for all the defendants. In that case, the law day for the defendant owner of the property, set by the judgment of strict foreclosure, was April 24, 1984 and the final law day for all the defendants was April 30. The plaintiff moved for a deficiency judgment on June 1, 1984. The defendant owner of the property claimed since the motion was filed more than thirty days after her day of redemption had expired, it was barred by § 49-14(a) as to her. The Court rejecting defendant's claim, held, "As General Statutes § 49-14(a) would not be triggered until title became absolute in the plaintiff as of May 1, 1984, the motion was timely filed." id. at p. 694.
This holding makes sense. A deficiency judgment is calculated by offsetting the value of the subject property against the mortgage debt as of the date title vests in the plaintiff. That value cannot be determined until the owner of the property and the defendant encumbrancers subsequent to the plaintiff have been foreclosed. If any defendant is not foreclosed, his property interest or encumbrance is a cloud on the title, precluding the property from being appraised. Only when title becomes absolute in the plaintiff and free and clear of all liens subsequent in right to the plaintiff, can a property value be fixed, and it is at that time that the thirty day period, pursuant to § 49-14(a) starts to run.
In construing § 49-14(a), the focus cannot be on when any individual defendant in the foreclosure action is divested of his title. The inter-connectedness of all the defendants in their rights of redemption in the inverse order of their priorities, and the necessity of evaluating the property as an offset against the debt requires that focus be placed on when full title finally vests in the plaintiff.
The stay granted in the bankruptcy court to a party to the foreclosure suit may or may not apply to non-debtors but it has the effect of staying the foreclosure proceedings, at least with respect to deficiency judgments.
Typically, when a defendant in a foreclosure files for bankruptcy, the plaintiff moves in the bankruptcy court for a relief from the stay, and because the law days set in the CT Page 7052 judgment of strict foreclosure have usually expired, the plaintiff moves to reopen the judgment. When the Court grants the motion it, in effect, voids the operative effect of the previously set law days by establishing new law days. They apply anew to all defendants in inverse order of their priority. When the last day of redemption for the last defendant set by the last judgment has expired, then the thirty day period under § 49-14(a) starts to run.
It follows from the above that the plaintiff having moved for a deficiency judgment within three days after the expiration of the last day of redemption set by the last judgment of strict foreclosure, its motion was timely filed pursuant to § 49-14(a).
Accordingly, the court finds the value of the subject property as of the date title vested in plaintiff (November 14, 1994) to be $210,000, awards additional attorneys' fees for this deficiency judgment of $500, additional appraisal fees of $300, finds the judgment debt to be $263,863.52, applies the counsel fees and costs previously awarded by the Court and the interest on the debt, all as stated in plaintiff's calculation of deficiency on file, and concludes that as of April 3, 1995, a deficiency judgment of $91,098.43, plus accrued interest from that date to this date, may be entered in favor of the plaintiff against the defendants Christopher and Leslie Pelzar.
Robert Satter State Judge Referee